# EXHIBIT C

**Civil Action Cover Sheet - Case Initiation**                                (11/06/13) CCL 0520

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION 2014L004211

CALENDAR/ROOM V
TIME 00:00
Statutory Action

SUPPRESSED

v.

No. TO BE FILED UNDER SEAL

SUPPRESSED

#### CIVIL ACTION COVER SHEET - CASE INITIATION

A Civil Action Cover Sheet - Case Initiation shall be filed with the complaint in all civil actions. The information contained herein is for administrative purposes only and cannot be introduced into evidence. Please check the box in front of the appropriate case type which best characterizes your action. Only one (1) case type may be checked with this cover sheet.

Jury Demand ☑ Yes ☐ No

**PERSONAL INJURY/WRONGFUL DEATH**

CASE TYPES:
- ☐ 027 Motor Vehicle
- ☐ 040 Medical Malpractice
- ☐ 047 Asbestos
- ☐ 048 Dram Shop
- ☐ 049 Product Liability
- ☐ 051 Construction Injuries
       (including Structural Work Act, Road
       Construction Injuries Act and negligence)
- ☐ 052 Railroad/FELA
- ☐ 053 Pediatric Lead Exposure
- ☐ 061 Other Personal Injury/Wrongful Death
- ☐ 063 Intentional Tort
- ☐ 064 Miscellaneous Statutory Action
       *(Please Specify Below **)*
- ☐ 065 Premises Liability
- ☐ 078 Fen-phen/Redux Litigation
- ☐ 199 Silicone Implant

**TAX & MISCELLANEOUS REMEDIES**

CASE TYPES:
- ☐ 007 Confessions of Judgment
- ☐ 008 Replevin
- ☐ 009 Tax
- ☐ 015 Condemnation
- ☐ 017 Detinue
- ☐ 029 Unemployment Compensation
- ☐ 031 Foreign Transcript
- ☐ 036 Administrative Review Action
- ☐ 085 Petition to Register foreign Judgment
- ☐ 099 All Other Extraordinary Remedies

(FILE STAMP)

2014 APR 15 FN 11:27

**COMMERCIAL LITIGATION**

CASE TYPES:
- ☐ 002 Breach of Contract
- ☐ 070 Professional Malpractice
       (other than legal or medical)
- ☐ 071 Fraud (other than legal or medical)
- ☐ 072 Consumer Fraud
- ☐ 073 Breach of Warranty
- ☑ 074 Statutory Action
       *(Please specify below **)*
- ☐ 075 Other Commercial Litigation
       *(Please specify below **)*
- ☐ 076 Retaliatory Discharge

**OTHER ACTIONS**

CASE TYPES:
- ☐ 062 Property Damage
- ☐ 066 Legal Malpractice
- ☐ 077 Libel/Slander
- ☐ 079 Petition for Qualified Orders
- ☐ 084 Petition to Issue Subpoena
- ☐ 100 Petition for Discovery

** 1-22-010 et seq. Chicago Mun. Code

Service via email from opposing party/counsel will be accepted at

jjm@muldoonlaw.com

by consent pursuant to Ill. Sup. Court Rules 11 and 131.

By: _____
(Attorney)                          (Pro Se)

Pro Se Only: ☐ I have read and agree to the terms of the *Clerk's Office Electronic Notice Policy* and choose to opt in to electronic notice from the Clerk's office for this case at this email address: _____

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

| | | |
|---|---|---|
| CITY OF CHICAGO | ) | |
| *ex rel.* SUPPRESSED | ) | |
| | ) | |
| v. | ) | TO BE FILED UNDER SEAL |
| | ) | |
| SUPPRESSED | ) | 2014L004211 |
| | ) | CALENDAR/ROOM V |
| | | TIME 00:00 |
| **ORDER** | | Statutory Action |

THIS CAUSE coming before the court on plaintiff's petition to file complaint under seal pursuant to section 1-22-010 *et seq.* of the City of Chicago Municipal Code and the court being fully advised of the premises,

IT IS HEREBY ORDERED THAT:

1. Plaintiff is granted leave to file its complaint under seal and shall be treated as strictly confidential and

2. all filings related to the complaint shall be filed under seal and treated as strictly confidential until further order of the court.

_____, 2014

ENTERED:      Judge James P. Flannery, Jr.

Judge          APR 15 2014

Judge's No.    Circuit Court – 1505

Muldoon & Muldoon LLC
30 N. LaSalle St., Suite 2950
Chicago, IL 60602
(312) 739-3550
Cook Co. Atty. No. 38728

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

CITY OF CHICAGO )
    *ex rel.* SUPPRESSED )
                         )
                         )       **TO BE FILED UNDER SEAL**
v. )       IN RE OTHER
                         )       FALSE CLAIMS ACT
SUPPRESSED )
                         )

## COMPLAINT

```
2014L004211
CALENDAR/ROOM V
TIME 00:00
Statutory Action
```

**FILED UNDER SEAL PURSUANT TO COURT'S ORDER
DATED APRIL 14, 2014
A COPY OF WHICH IS ATTACHED HERETO**

FILED 9-15
2014 APR 15 AM 11:27

Muldoon & Muldoon LLC
30 N. LaSalle St., Suite 2950
Chicago, IL 60602
(312) 739-3550
Cook Co. Atty. No. 38728
Service via email will be accepted at:
jjm@muldoonlaw.com

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

CITY OF CHICAGO                    )
    *ex rel.* AARON ROSENBERG    )
                                   )
v.                              )     TO BE FILED UNDER SEAL
                                   )
REDFLEX TRAFFIC SYSTEMS, INC.  )     2014L004211
    a Delaware corporation        )     CALENDAR/ROOM V
                                       TIME 00:00
               **COMPLAINT**        Statutory Action

Now Comes the City of Chicago *ex rel.* Aaron Rosenberg through
Muldoon & Muldoon, LLC and sues under the Municipal False Claims
Ordinance 1-22-010 *et seq.* of the City of Chicago Municipal Code, against
Redflex Traffic Systems, Inc. seeking relief against Redflex on behalf of the
City of Chicago for false claims submitted to the City of Chicago and in
support states:

## NATURE OF CASE

1.    The City of Chicago ("City") expressly requires, as a condition of public
contracts, that those contracting with it affirmatively state that they
have not engaged in bribery or attempted to bribe any employee of the
City.

2.    Defendant Redflex Traffic Systems, Inc. ("Redflex") engaged in
systematic bribery of John Bills the Deputy Commissioner of the
Chicago Department of Transportation from 2003 through 2012 in
connection with its contracts for the City of Chicago's Red Light
Enforcement program.

13. Venue is proper in Cook County, Illinois under 735 ILCS 5/2-201 because the transactions from which the cause of action arises occurred in Cook County, Illinois.

## PARTIES

14. Relator Mr. Rosenberg is a resident of California and former employee of Redflex, who represented Redflex in negotiations and other business dealings with the City of Chicago from 2002 through 2012.

15. Redflex is a Delaware corporation that, during the relevant period, was doing business in the City of Chicago, County of Cook, State of Illinois.

16. Redflex is a wholly owned subsidiary of Redflex Holdings LTD. ("Redflex Holdings"), an Australian public company.

## FACTUAL BACKGROUND

17. Redflex is in the business of producing and implementing traffic safety systems for municipal, county, and state entities in the United States and elsewhere.

18. Mr. Rosenberg was hired by Redflex in March 2002 as Vice President of Sales and Marketing for North America.

19. Prior to hiring Mr. Rosenberg, Redflex hired Bruce Higgins as its Chief Executive Officer.

20. Prior to hiring Mr. Rosenberg, Redflex promoted Karen Finley as its Vice President of Operations.

21. Redflex produces and maintains Digital Automated Red Light Enforcement systems that it sells to municipal entities, such as the City of Chicago.

3. From 2003 through 2013, Redflex filed numerous statements it was not engaged in bribery of a City employee.

4. These statements were false.

5. Redflex knew these statements were false.

6. Redflex made these false statements to be paid by the City on fraudulent claims.

7. The City's False Claims Ordinance 1-22-010 *et seq.* of the City of Chicago Municipal Code ("FCO") prohibits anyone from making a false statement to get a fraudulent claim paid by the City.

8. Redflex violated the FCO by filing false statements for the purpose of being paid on fraudulent claims.

9. The FCO also authorizes a private person to sue on behalf of the City and himself against any person who has violated the FCO.

10. Relator, Aaron Rosenberg ("Mr. Rosenberg"), was intimately involved in and has exclusive knowledge of Redflex's systematic bribery of Mr. Bills.

11. Mr. Rosenberg, having direct, independent knowledge of the information on which the following allegations are based, sues on behalf of himself and the City against Redflex for violations of the FCO.

## JURISDICTION AND VENUE

12. Jurisdiction is proper in Illinois under 735 ILCS 5/2-209 because during the relevant time Redflex did business in Illinois.

22. At the time it hired Mr. Rosenberg, Redflex held a #4 US-market position with only eleven contracts in the entire United States.

23. Chairman of the Board of Redflex Holdings, Mr. Christopher Cooper, as well as Mr. Higgins and Ms. Finley, instructed Mr. Rosenberg to improve Redflex's market position to #1 through the execution of new contracts and with a major U.S. city, such as Chicago, as an anchor client and marquee reference.

## JOHN BILLS' ASSISTANCE IN NEGOTIATON OF CITY CONTRACT

### Unlawful Pre-Bid Assistance

24. In order to procure a contract with the City of Chicago to sell Redflex's Digital Automated Red Light Enforcement systems, Mr. Rosenberg began preliminary discussions with John Bills of the City's Department of Transportation ("DOT.")

25. Mr. Rosenberg learned the City was planning on issuing a Request for Proposal ("RFP") for Digital Automated Red Light Enforcement systems.

26. An RFP is a solicitation made by the City, often through a bidding process, by an entity interested in procurement of a commodity, service, or valuable asset, to potential suppliers to submit business proposals to the City.

27. Mr. Bills asked Mr. Rosenberg to provide assistance in developing the scope of services for the City's RFP.

28. Mr. Rosenberg, Mr. Higgins, and Ms. Finley would meet face-to-face with Mr. Bills to ensure the scope of the RFP was advantageous to Redflex.

29. These discussions also concentrated on the types of financial arrangements (*e.g.* contract terms) that would be most advantageous for Redflex given its limited financial means.

30. During the winter of 2002/2003 the City held a pre-bid meeting for interested vendors to discuss the up-coming RFP for Digital Automated Red Light Enforcement systems.

31. Due to a medical condition, attending this meeting was difficult for Mr. Rosenberg.

32. However, Mr. Bills told Mr. Rosenberg to attend.

33. Additionally, Mr. Bills informed Mr. Rosenberg that it was important for Mr. Rosenberg to further strengthen his relationship with Mr. Bills' boss Donald Grabowski before the RFP responses were submitted by vendors.

34. Mr. Bills informed Mr. Rosenberg that Redflex' main competitor, Affiliated Computer Systems, Inc. ("ACS"), had deep ties and existing contracts with the City and that in order for Redflex to be selected; Redflex had to distinguish itself from ACS.

35. It was improper and a violation of the City's Code of Government Ethics (Section 2-156 *et al* of the City's Municipal Code) for Mr. Bills to give this information to Mr. Rosenberg.

36. Mr. Bills gave this information to Mr. Rosenberg to gain favor with Redflex and to be in a position to later ask to Redflex to compensate him after it had procured a contract with the City.

37. Mr. Rosenberg attended the pre-bid meeting with City officials in Winter 2002/2003.

38. Mr. Rosenberg attended the pre-bid meeting at the direction of Mr. Bills and Mr. Higgins for the purpose of Redflex gaining an illegal advantage in the RFP process.

39. After the RFP was issued, Redflex submitted a proposal to the City.

40. In its submission to the RFP, Redflex included an Economic Disclosure Statement ("EDS") wherein Redflex stated that it was in compliance with the City's Code of Government Ethics.

41. This statement was false.

42. Redflex knew it was false.

43. Redflex made this false statement for the purpose of procuring the contract for the City's Red-Light Enforcement Program.

**Unlawful Assistance with Field Tests**

44. After the deadline for submissions, the City conducted field tests for various vendors, including Redflex.

45. The field test consisted of a 30-day live system trial.

46. Such a field test involved considerable costs for Redflex.

47. At the direction of Mr. Higgins, Mr. Rosenberg informed Mr. Bills that Redflex was concerned about the considerable costs of the field tests, especially if its bid would fail.

48. Mr. Bills assured Mr. Rosenberg that he wanted to help Redflex.

49. However, Mr. Bills told Mr. Rosenberg that Redflex needed to "step-up its game" because ACS was making a strong push to get the City's business.

50. Mr. Bills related that ACS had a good relationship with people at the City and had gone so far as to set up an office in Chicago.

51. Mr. Bills also said that ACS's representative had offered to pay Mr. Bills, possibly $100,000, if Mr. Bills helped ACS.

52. Mr. Bills gave the information regarding ACS and instructed Redflex to "step-up its game" in order to let Redflex know that his assistance was necessary to get the City contract.

53. Mr. Bills also gave the information regarding ACS and instructed Redflex to "step-up its game" so that he would to be in a position to ask to Redflex to compensate him after it had procured a contract with the City.

54. It was improper and in violation of the City's Code of Government Ethics for Mr. Bills to give the information regarding ACS and to instruct Redflex to "step up its game" in order for Redflex to procure the City contract because he was the chairman of the Evaluation Committee.

### Unlawful Assistance with Evaluation Process

55. In May 2003, upon completion of the field tests, the City initiated an evaluation procedure for the bids and the results of the field tests.

56. The evaluation process included a formal meeting with the City Officials who were members of the Evaluation Committee to discuss the results of the field tests.

57. On or about May 12th, 2003, Mr. Higgins, Ms. Finley, and Mr. Rosenberg joined Mr. Bills at a hotel in Chicago to discuss the evaluation process and to develop evaluation standards that would be advantageous to Redflex.

58. Mr. Higgins and Ms. Finley pledged that Mr. Rosenberg would be supporting Mr. Bills in his continued efforts to steer this contract award to Redflex.

59. In the days leading up to the final Evaluation Committee meeting, Mr. Rosenberg was in Chicago working with Mr. Bills preparing Redflex's presentation.

60. On the night before final Evaluation Committee meeting, Mr. Bills met with Mr. Rosenberg.

61. Mr. Bills invited Mr. Rosenberg to the DOT offices after hours.

62. At this meeting, Mr. Bills reviewed field test data of Redflex' and its competitor, ACS, with Mr. Rosenberg

63. In particular, Mr. Bills and Mr. Rosenberg reviewed photos taken by each company during the pilot phase, and each company had instances where the equipment produced good quality photographs and instances where the equipment did not produce good photos.

64. Mr. Bills said he would use good photos for Redflex and poor ones for ACS during the evaluation committee meeting, and would do so in a way that made them seem randomly selected.

65. Mr. Bills also informed Mr. Rosenberg that he was not sure of all of the votes on the committee but that he would make name cards and place the "unknown votes" at the end of the voting order.

66. This effort would make it difficult to vote against Redflex, as the majority of the committee would have already selected Redflex.

67. Mr. Bills insisted he wanted to achieve a unanimous vote from the Evaluation Committee in favor of Redflex.

68. On or about May 27 2003, Mr. Bills delivered the unanimous selection of Redflex by the Evaluation Committee.

69. The after-hours pre-Evaluation Committee meeting and the tender of information by Mr. Bills to Mr. Rosenberg were improper and in violation of the City's Code of Government Ethics.

70. Mr. Bills gave this information to Mr. Rosenberg for the purpose of gaining favor with Redflex and with the intention to be compensated by Redflex after it had procured an agreement with the City.

71. In approximately June 2003, the City accepted Redflex' proposal and initiated negotiations for a formal contract with Redflex.

## PURCHASE VS. LEASE OF CAMERAS

72. During initial contract negotiations, Mr. Bills asked Mr. Rosenberg for guidance on whether the City should lease or buy the cameras used for the project.

73. Mr. Rosenberg consulted with Mr. Higgins on whether the City should lease or buy the cameras used for the project.

74. Although leasing the cameras was a better option for the City, Mr. Higgins directed Rosenberg to convince Bills to have the City purchase the cameras.

75. The City's purchase of the cameras would help Redflex with cash-capitalization issues and make it harder for the City later change vendors from Redflex since the City would already own Redflex cameras.

## ENTERTAINMENT OF CITY OFFICIALS

76. During these negotiations and throughout the contractual relationship, Mr. Bills entertained Redflex officials including Redflex Holdings Chairman Mr. Cooper, Ms. Finley, and Mr. Higgins.

77. Mr. Bills' entertainment of these officials included, but was not limited to, escorting them to Chicago White Sox baseball games, where he provided front row seats, personal messages on the Jumbo-Tron, food, beer, and other beverages.

78. During the RFP process, Mr. Bills flew to Phoenix Arizona to meet with various members of the Redflex team, including Ms. Finley and Mr. Rosenberg.

79. Redflex paid the cost of this trip and also provided Mr. Bills with rounds of golf and other entertainment.

80. It was improper and a violation of City's Code of Government Ethics regulations for Mr. Bills to entertain the Redflex officials.

## PAYOFF TO JOHN BILLS

81. In most projects Redflex would seek guidance with the local municipality regarding the hiring of sub-contractors.

82. In June 2003, after the initial contract had been finalized, Mr. Bills travelled to California with Mr. Johnson to meet with Redflex officials, including Mr. Rosenberg and CEO Higgins.

83. One of the purposes of this meeting was to discuss the hiring of sub-contractors.

84. Mr. Bills informed Redflex that it must include Network Electric, Inc. as a subcontractor.

85. Redflex later learned that Mr. Bills had a relationship with Network Electric's owner, Jimmy Johnson.

86. Mr. Higgins and Ms. Finley, who were directly in-charge of Redflex's subcontractors, agreed to hire Network Electric, Inc. in order to accommodate Mr. Bills and influence his performance as deputy Commissioner of the City's DOT.

87. At a meeting in Los Angeles that was celebrating Redflex's award of the Chicago contract, Mr. Bills told Mr. Rosenberg words to the effect that "it's time to make good."

88. Mr. Bills indicated the amount he wanted, in the range of $100,000 to $200,000, writing notes on a napkin as he spoke.

89. Mr. Bills suggested that Redflex could make payments to him either by overpaying Mr. Johnson, who would get the money to Bills, or by hiring someone close to Bills in a customer liaison position.

90. Mr. Rosenberg told Mr. Bills he would speak with Redflex CEO Bruce Higgins and that Mr. Higgins would determine the appropriate course of action.

91. In July 2003, Redflex under the direction of Mr. Higgins and Ms. Finley; and Mr. Bills agreed that:

    a. Redflex would hire Martin O'Malley, a friend of Mr. Bills, as a consultant;

    b. Mr. O'Malley would then pay Mr. Bills from funds he received from Redflex and

    c. Mr. Bills was being paid this money for his having procured Chicago's contract with Redflex and for him to continue to use his influence to assist Redflex procuring additional contracts to sell its systems to the City and contracts to maintain those systems.

92. In August 2003, Ms. Finley and Mr. Higgins negotiated and Ms. Finley executed the contract with Mr. O'Malley.

93. Mr. O'Malley was to report directly to Karen Finley.

94. Redflex paid Mr. O'Malley a salary and bonus, plus a one-time payment that ranged from $1,500-$2,000 for each new system the City bought from Redflex, plus commission that ranged from 3%-5% of revenue for "out of scope" changes that achieved additional revenue for Redflex.

95. Because Mr. O'Malley, and therefore Mr. Bills, was paid whenever "out of scope" work occurred, Mr. Bills was always looking for out of scope work to be added to the project.

96.  Indeed, Mr. Bills would say that his favorite words were "out of scope."

97.  Based upon this arrangement, Redflex paid in excess of $2,000,000 to Mr. O'Malley for purported consulting work.

98.  The funds paid to Mr. O'Malley were paid out of the funds paid to Redflex by the City.

99.  Mr. O'Malley's invoices were approved by multiple Redflex employees including Mr. Higgins and Ms. Finley.

100.  Mr. Higgins provided direction to Redflex executives, including Mr. Rosenberg and Ms. Finley on these calculations of Mr. O'Malley's invoices and subsequent invoices were paid out of both Operations and Sales Department budgets.

101.  If the City was delayed in making payments to Redflex, Redflex would delay payments of commissions to O'Malley.

102.  When this would happen, Mr. Bills would sometimes complain to Mr. Rosenberg about the lack of payment to O'Malley.

103.  In addition to these payments to Mr. Bills through Mr. O'Malley, Redflex routinely paid other expenses for Mr. Bills, including but not limited to travel expenses, hotel bills, rental cars and golf fees.

104.  Redflex also provided Mr. Bills with two personal computers.

105.  Redflex agreed to hire Mr. O'Malley to influence the performance of Mr. Bills' as deputy Commissioner of the City's DOT.

106.  During the time Mr. Bills was receiving funds from Mr. O'Malley and in exchange for receiving these funds, Mr. Bills protected Redflex from any liability for performance issues under its contract with the City.

107. Bribery is defined in part by the Illinois Compiled Statures as "[w]ith intent to influence the performance of any act related to the employment or function of any public officer, public employee, juror or witness, he or she promises or tenders to that person any property or personal advantage which he or she is not authorized by law to accept." 720 ILCS 33-1(a)

108. The hiring of Network Electric, Inc., Mr. Johnson and Mr. O'Malley also constituted bribery of Mr. Bills.

109. The hiring of Network Electric, Inc., Mr. Johnson and Mr. O'Malley violated the City's Code of Government Ethics.

## EXPANSION OF ORIGINAL CONTRACT

110. The initial contract with Redflex comprised 20 systems.

111. Each system provided cameras for red-light violations in one direction, *e.g.* a typical Chicago intersection would require 2 systems to enforce the red-light violations coming from two of four possible directions.

112. Therefore, the initial contract would cover only 10 intersections and 20 systems.

113. The contract also included provisions for Redflex to maintain the systems for the City.

114. For the initial 20 systems the City paid Redflex a one-time fee of $85,000 per each system.

115. Redflex was also paid by the City $3,250 per each system per each month for program support and maintenance.

116. In 2006, the scope of the program changed and the Redflex contract was amended so that Redflex would receive a one-time fee of $100.000 per system and $5,000 per month per system for maintenance.

117. In 2008, Redflex was awarded a sole source agreement with the City to maintain the 136 operational systems for a fee of $4,395 per month per system.

118. This contract term was for 5 years plus two 1 year extensions.

119. Using Mr. O'Malley as a conduit, Mr. Bills provided Ms. Finley and Mr. Rosenberg a draft specification for the city's upcoming RFP for program expansion.

120. Mr. Bills sought specifications and/or requirements that would be highly advantageous to Redflex.

121. Ms. Finley and Mr. Rosenberg reviewed the draft RFP, provided feedback to Mr. Bills, and the final RFP specification was designed to advantageous to Redflex.

122. Mr. Bills also provided Redflex with RFP scoring tables that would demonstrate and justify a high scoring and ranking for Redflex when compared to the competition.

## PAYOFF FOR EXTENSION OF CONTRACT

123. In early 2008, Mr. O'Malley was being paid commissions in excess of $100,000.

124. Shortly after these commission payments to Mr. O'Malley, Redflex was awarded a contract for program expansion for an additional 248 new

systems, which included a one-time fee of $24,500 per system and a monthly fee of $3,900 per system per month.

125. This contract term was also for 5 years plus two 1 year extensions.

126. The revenues from this and the other red light enforcement contracts between Redflex and the City of Chicago achieved in excess of $100,000,000 to Redflex.

127. As part of each of these contracts, Redflex certified it had not been engaged in bribery or attempted bribery of a public officer or employee of the City of Chicago.

128. These statements were false as Redflex had been engaged in the bribery of Mr. Bills.

129. As part of each of these contracts, Redflex filed an EDS which required Redflex to certify it had not been engaged in bribery or attempted bribery of a public officer or employee of the City of Chicago.

130. In the EDS, Redflex also certified that it was in compliance with the City's Code of Government Ethics.

131. The EDS submitted by Redflex was false as Redflex had been engaged in the bribery of Mr. Bills and was not in compliance with the City's Code of Government Ethics.

132. It was contemplated by the City and Redflex that if these 20 systems succeeded, the City would implement 100's of systems throughout the city, which Redflex would continue to sell and maintain.

133. Mr. Bills ensured that any of Redflex' performance issues were handled solely by him.

134. Mr. Bills ensured that any performance issues did not trigger any liquidated damage provisions called for in Redflex' contract with the City.

135. This agreement to pay Mr. Bills through Mr. O'Malley continued until 2011, when Mr. Bills retired from the City.

## BILLS' POST-EMPOLYMENT ASSISTANCE

136. When he retired from the City, Mr. Bills asked Redflex executives, including Ms. Finley and Mr. Andy Bunske (General Counsel), to secure him employment with Resolute Consulting, a public relations firm with which Redflex worked extensively.

137. Resolute Consulting either hired Mr. Bills directly or through a Redflex-funded public outreach group called the Traffic Safety Coalition at Redflex' request.

138. By this arrangement, Redflex was able to hire Mr. Bills indirectly and circumvent the City's prohibition of vendors from hiring its former employees.

139. The expectation was for Redflex to subsidize Mr. Bills' employment and receive continued support with the City of Chicago.

140. This support included securing additional contract extensions and new contracts for additional solutions.

141. Once Resolute Consulting "hired" Mr. Bills, Ms. Finley and Redflex CFO Sean Nolen informed Mr. Rosenberg that Redflex would no longer pay O'Malley his commissions because Redflex was not going to "double pay" Mr. Bills.

142. From the initial contract through 2012, Redflex entered into numerous contracts with the City.

143. In each of those contracts, Redflex certified it was not engaged in bribery of a public official.

144. Each of these certifications was false.

145. From the initial contract through 2012, Redflex also submitted numerous EDS' to the City.

146. In each of those EDS', Redflex certified it was not engaged in bribery of a public official and in compliance with the City's Code of Government Ethics.

147. Each of these EDS' was false.

148. Redflex filed these false statements with the intent to induce the City to pay Redflex for its products and services.

149. The City relied upon Redflex' false statements and paid Redflex pursuant to the fraudulent contracts.

### VIOLATIONS OF THE MUNICIPAL FALSE CLAIMS ORDINANCE
### (VIOLATIONS OF 1-22-010 *et seq.*)

150. Redflex entered into numerous contracts with the City for the purchase and maintenance of its Digital Automated Red Light Enforcement systems.

151. In each of these contracts, Redflex stated that it had not engaged in bribery or attempted to bribery any employee of the City.

152. Each of these statements in each of these contracts was false.

153. Redflex had systematically bribed Mr. Bills through its agreeme~~n~~ with Mr. O'Malley.

154. Redflex also submitted numerous EDS's to the City as part of its contractual obligations.

155. On each of these EDS's, Redflex certified that that it had not engaged in bribery or attempted to bribery any employee of the City.

156. Each of these statements in each of these EDS's was false.

157. Redflex knew that each of these statements in both the contracts and in the EDS's were false.

158. Redflex made these knowingly false statements in both the contracts and in the EDS's to induce the City to pay them on these fraudulent contracts.

159. Each of these false statements in both the contracts and in the EDS's constitutes a separate violation of the FCO.

160. The City paid Redflex on each contract in reliance that Redflex had not engaged in bribery or attempted to bribery any employee of the City.

161. Had the City known that these statements were false, the City would have cancelled the contracts with Redflex.

162. The City suffered damages in reliance of Redflex' false statements that it had not engaged in bribery or attempted to bribery any employee of the City.

## PRAYER FOR RELIEF

WHEREFORE, for all the foregoing reasons, the City of Chicago, *ex rel.* Aaron Rosenberg, prays that this Honorable Court award the following relief:

A. Enter a judgment against Redflex and in favor of the City of Chicago for treble the amount paid to Redflex by the City of Chicago under the

contracts relating to the purchase and maintenance of Redflex' Digital *IN excess of $ 300,000,000.* Automated Red Light Enforcement systems and;

B. Enter a judgment against Redflex and in favor of the City of Chicago for a civil penalty of not less than $5,000.00 and not more than $10,000.00 for each individual false statement made by Redflex; and

C. Enter a judgment against Redflex and in favor of the City of Chicago for its attorneys' fees and costs of this action and

D. Enter a judgment against Redflex and in favor of the Relator, Aaron Rosenberg, for a percentage of the total the judgment against Redflex and

E. Enter a judgment against Redflex and in favor of the Relator, Aaron Rosenberg, for reasonable expenses which this court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs and

F. Any and all additional relief which this Court deems fair and just.

John J. Muldoon, III
Muldoon & Muldoon, LLC
Attorneys for Relator


Muldoon & Muldoon LLC
30 N. LaSalle St., Suite 2950
Chicago, IL 60602
(312) 739-3550
Cook Co. Atty. No. 38728
Service via email will be accepted at:
jjm@muldoonlaw.com

CLERK OF THE CIRCUIT COURT - COOK COUNTY
00101118 Law-01          4/15/2014 11:43AM
ATTY: 38728    015 ASSATAC
AD DAMNUM:     $300,000,000.00
CASE NO: 2014L004211     CALENDAR: V
COURT DATE: 0/0/0000 12:00AM
CASE TOTAL: $567.00

| | |
|---|---|
| 12 Jurors 3 | $230.00 |
| Automation | $15.00 |
| Document Storage | $15.00 |
| Law Library | $21.00 |
| Arbitration | $15.00 |
| Base Filing Fee 6 | $240.00 |
| Dispute Resolution | $1.00 |
| Court Services | $25.00 |
| Children Waiting Rm | $10.00 |
| CREDIT CARD: | $567.00 |
| CHANGE | $0.00 |
| TRANSACTION TOTAL: | $567.00 |

*** VOIDED ***

CLERK OF THE CIRCUIT COURT - COOK COUNTY
00101117 Law-01          4/15/2014 11:40AM
ATTY: 38728    015 ASSATAC
AD DAMNUM:     $300,000,000.00
CASE NO: 2014L004211     CALENDAR: V
COURT DATE: 0/0/0000 12:00AM
CASE TOTAL: $567.00

| | |
|---|---|
| 12 Jurors 3 | ($230.00) |
| Automation | ($15.00) |
| Document Storage | ($15.00) |
| Law Library | ($21.00) |
| Arbitration | ($15.00) |
| Base Filing Fee 6 | ($240.00) |
| Dispute Resolution | ($1.00) |
| Court Services | ($25.00) |
| Children Waiting Rm | ($10.00) |
| CHECK NO: 5485 | |
| CHECK AMOUNT: | ($567.00) |
| CHANGE | $0.00 |
| TRANSACTION TOTAL: | ($567.00) |

CLERK OF THE CIRCUIT COURT - COOK COUNTY
00101116 Law-01          4/15/2014 11:35AM
ATTY: 38728    015 ASSATAC
AD DAMNUM:     $300,000,000.00
CASE NO: 2014L004211     CALENDAR: V
COURT RATE: 0/0/0000 12:00AM
CASE TOTAL: $567.00

2120 - Served          2121 - Served
2220 - Not Served      2221 - Not Served
2320 - Served By Mail  2321 - Served By Mail
2420 - Served By Publication   2421 - Served By Publication
SUMMONS                ALIAS - SUMMONS          (2/28/11) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW _____ DIVISION

No. TO BE FILED UNDER SEAL

Susana A. Mendoza, City of Chicago Clerk

SUPPRESSED

(Name all parties)         121 N. LASALLE ST, ROOM 107

v.                         CHICAGO, IL 60602

SUPPRESSED
                           2014L004211
                           CALENDAR/ROOM V
                           TIME 00:00
◉ SUMMONS ○ ALIAS SUMMONS   Statutory Action

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

◉ Richard J. Daley Center, 50 W. Washington, Room 801_____, Chicago, Illinois 60602

○ District 2 - Skokie        ○ District 3 - Rolling Meadows    ○ District 4 - Maywood
  5600 Old Orchard Rd.         2121 Euclid                        1500 Maybrook Ave.
  Skokie, IL 60077             Rolling Meadows, IL 60008          Maywood, IL 60153

○ District 5 - Bridgeview    ○ District 6 - Markham           ○ Child Support
  10220 S. 76th Ave.           16501 S. Kedzie Pkwy.              28 North Clark St., Room 200
  Bridgeview, IL 60455         Markham, IL 60428                  Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 38728                        WITNESS, APR 15 2014
Name: JOHN MULDOON, MULDOON & MULDOON, LLC
Atty. for: PLAINTIFF                    DOROTHY BROWN
Address: 30 N. LASALLE ST., #2950       _____
City/State/Zip: CHICAGO, IL 60602              Clerk of Court
Telephone: 312-739-3550                 Date of service: _____
                                        (To be inserted by officer on copy left with defendant
                                         or other person)

Service by Facsimile Transmission will be accepted at: _____
                                        (Area Code)  (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

CIRCUIT COURT OF COOK COUNTY
LAW DIV., RM 2003 DALEY CTR.
CHICAGO, IL. 60602

ID: LD2014L004211    20140507000003
AT: MULDOON & MULDOON
TO: JJM@MULDOONLAW.COM

```
                    ********
                  NOTICE OF
                CALENDAR CALL

CASE  14-L-004211   *  SUPPRESSED  * V.  *  SUPPRESSED  *
     THIS CAUSE IS SCHEDULED TO APPEAR ON THE
CALENDAR CALL BEFORE JUDGE O'NEILL BURKE, EILEEN
IN ROOM 2606 ON 06/10/2014 AT 09:30 A.M.
AT THE R.J. DALEY CENTER, 50 W WASHINGTON, CHICAGO, IL
     ALL PARTIES MUST BE REPRESENTED BY COUNSEL OR
APPEAR IN PERSON AND MUST BE PREPARED TO REPORT TO
THE COURT ON THE STATUS OF THE CASE INCLUDING THE
STATUS OF DISCOVERY.
                BY: JUDGE O'NEILL BURKE, EILEEN
                YOU MUST APPEAR
```

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

1082

| | | |
|---|---|---|
| CITY OF CHICAGO, | ) | |
| *Ex rel.* SUPPRESSED | ) | |
| | ) | |
| Plaintiff, | ) | 14 L 004211 |
| v. | ) | Judge Eileen O'Neill Burke |
| | ) | |
| SUPPRESSED, | ) | **FILED IN CAMERA AND UNDER SEAL** |
| | ) | |
| Defendant. | ) | |

**AGREED ORDER**

This cause coming to be heard on the City of Chicago's Agreed Emergency Motion for

Extension of Time to Elect to Intervene and for Extension of the Seal, pursuant to the City of

Chicago False Claims Ordinances, Chicago Municipal Code, § 1-22-010, *et seq.*,

CC
T.A.

**IT IS HEREBY ORDERED:**

#4230 9|9    #4251 9|9

1)  That the City is granted an extension of 60 days, or until September 9, 2014, to
render its intervention decision;

2)  That the Complaint and all other filings in this matter shall remain under seal until
the City renders its intervention decision and the Court enters an order lifting the seal;

3)  That the previously-set status date of July 22, 2014 at 9:30 a.m. is striken; and #4331 7|22

4)  Case management is set for _____ in Courtroom 2606. 2101 *in 2101*

5) *Case is transferred to Judge Barbara in Cal XX. 4282-0193*

ENTERED:

_____

Dated: _____, 2014

Judge Eileen O'Neill Burke

JUL 10 2014

Circuit Court – 1996

Prepared by:
Amber Achilles Ritter
Senior Counsel
City of Chicago Department of Law
30 N. LaSalle #1400
Chicago, IL 60602
(312) 744-5218
Atty No. 90909

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| CITY OF CHICAGO, | ) | |
| *Ex rel.* AARON ROSENBERG | ) | |
| | ) | |
| Plaintiffs, | ) | 14 L 004211 |
| v. | ) | Judge Eileen O'Neill Burke |
| | ) | |
| REDFLEX TRAFFIC | ) | |
| SYSTEMS, INC. | ) | **FILED UNDER SEAL** |
| A Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**FILED**
Law Div. -2609
**JUL 1 0 2014**
BY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

## NOTICE OF AGREED EMERGENCY MOTION

Please take notice that on Friday, July 11, 2014, at 9:15 a.m., I shall appear on behalf of the City of Chicago in Courtroom 2606 at the Richard J. Daley Center, 50 W. Washington, Chicago, Illinois 60602, before Judge O'Neill Burke or any other judge in her stead, and present the City of Chicago's Agreed Emergency Motion for Extension of Time to Elect to Intervene and for Extension of the Seal, a true and correct copy of which is attached and hereby served upon you.

Dated: July 10, 2014

Respectfully submitted,

Assistant Corporation Counsel

## CERTIFICATE OF SERVICE

I, the undersigned, an attorney on behalf of the City of Chicago, hereby certify that I caused to be served upon those listed below copies of the attached Notice of Emergency Motion and the City of Chicago's Agreed Emergency Motion for Extension of Time to Elect to Intervene and for Extension of the Seal via electronic mail on this 10th day of July, 2014 before 5:00 p.m.

Amber Achilles Ritter
Senior Counsel
City of Chicago Department of Law
30 N. LaSalle #1400
Chicago, IL 60602
(312) 744-5218
Atty No. 90909

John Muldoon
Muldoon & Muldoon, LLC
30 N. LaSalle #2950
Chicago, IL 60602
jjm@muldoonlaw.com

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| CITY OF CHICAGO, | ) | **FILED** |
| *Ex rel.* AARON ROSENBERG | ) | Law Div.-2609 |
| | ) | JUL 1 0 2014 |
| Plaintiffs, | ) | 14 L 004211 |
| v. | ) | Judge Eileen O'Neill Burke DOROTHY BROWN |
| | ) | CLERK OF THE CIRCUIT COURT OF COOK COUNTY, IL |
| REDFLEX TRAFFIC | ) | |
| SYSTEMS, INC. | ) | |
| A Delaware corporation, | ) | **FILED UNDER SEAL** |
| | ) | |
| Defendant. | ) | |

**THE CITY OF CHICAGO'S AGREED EMERGENCY MOTION
FOR EXTENSION OF TIME
TO ELECT TO INTERVENE AND FOR EXTENSION OF THE SEAL**

The City of Chicago ("City"), by its Corporation Counsel Stephen R. Patton, hereby

moves on an emergency basis for an extension of time in which to notify this Court of its

decision to intervene in this matter, during which time this matter will remain under seal. In

support of this motion, the City states as follows:

**Emergency Nature of Motion**

    1.    Preliminarily, the City brings this motion on an emergency basis because the seal

on this *qui tam* case is set to be lifted on July 11, 2014. Had the City brought the motion in the

usual course, the seal could have been lifted prior to this Court hearing the motion. As a result,

the City properly brings this motion on an emergency basis, as irreparable injury could result to

all parties if relief is not granted before the City can be heard on the Court's regular motion call.

**Motion for Extension of Time to Elect to Intervene and for Extension of the Seal**

2.     On April 15, 2014, the Relator, Aaron Rosenberg, filed this suit on behalf of the City pursuant to the *qui tam* provisions of the Chicago False Claims Ordinances, Chicago Municipal Code, § 1-22-010, *et seq.*

3.     Relator's Complaint alleges that the defendant, Redflex Traffic Systems, Inc. ("Redflex") defrauded the City by engaging in systematic bribery of former City employee John Bills in connection with the award and performance of its City contracts for the Chicago Red Light Enforcement program.

4.     On May 13, 2014, the Relator served the City's attorneys with its submission of material evidence and information in connection with its Complaint, as required by Chicago Municipal Code, § 1-22-030(b)(2).

5.     Pursuant to Chicago Municipal Code, § 1-22-030(b)(2), the City may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information.  The ordinance also provides for extensions beyond the initial 60 day period.  The City may, for good cause shown, move the court for extensions of the time during which the complaint remains under seal.  Chicago Municipal Code, § 1-22-030(b)(3).

6.     Illinois courts have routinely granted seal extensions for good cause pursuant to the City's False Claims Ordinances and the analogous Illinois False Claims Act, 740 ILCS § 175/4(b)(3).  See Scachitti v. UBS Financial Services, 215 Ill.2d 484, 510 (2005); State of Illinois ex rel. Beeler, Schad and Diamond, P.C. v. Burlington Coat Factory Warehouse Corp., 369 Ill. App. 3d 507, 514 (1st Dist. 2006).

7.      The City requires additional time to investigate the allegations alleged in the Relator's Complaint. The City's investigation is confidential. Upon request from the Court, the City can provide the Court *in camera* with information about the investigation.

8.      The City therefore requests an extension of 60 additional days from the date of the Court's order on this motion to review the Relator's allegations and make an investigation determination.

9.      It is in the interest of justice and fairness that the allegations be carefully scrutinized before proceeding. Additionally, the City's request will not prejudice any party in this matter. For the foregoing reasons, good cause exists for the extension.

10.     A proposed order has been attached as Exhibit A for the Court's convenience.

11.     The City also asks that the previously set status date of July 22, 2014 at 9:30 a.m. be stricken.

12.     Counsel for the Relator, John Muldoon, has informed the City that he agrees to the relief sought in this motion.

WHEREFORE, the City requests that this Court extend the seal period in this matter for 60 days, or until September 9, 2014, to afford the City additional time to investigate this matter and notify this Court of its intervention decision.

Dated: July 10, 2014

Respectfully submitted,

Amber Achilles Ritter
Senior Counsel
City of Chicago Department of Law
30 N. LaSalle #1400
Chicago, IL 60602
(312) 744-5218
Atty No. 90909

Transfer Order                                                  (Rev. 9/18/02)  CCL 0526

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

*City of Chicago*
*(to be Suppressed)*

No. *14 L 007311*

*Suppressed*

The above entitled cause having been assigned to Judge *Burke*

is hereby transferred to the Presiding Judge of the Law Division for the purpose of transferring said cause

to *Judge Barbaro*

The reason for said transfer: *Settlement on Real Estate*
*Prior Claim being Sent to Judge Barbaro*

(4282

```
┌─────────────────────────────┐
│                             │
│  Judge Eileen O'Neill Burke │
│                             │
│     JUL 10 2014             │
│                             │
│   Circuit Court – 1996      │
│                             │
└─────────────────────────────┘
     Judge's Stamp                          Judge                    Judge's No.
```

IT IS HEREBY ORDERED that said cause be and the same is hereby transferred to

Judge _____          Presiding Judge of the _____

☐ Chancery Division (8058)          ☐ Domestic Relations Division (8057)
☐ County Division (8059)            ☐ Probate Division (8060)

Municipal Department:

☐ 1st District (8051)    ☐ 2nd District (8052)    ☐ 3rd District (8053)
☐ 4th District (8054)    ☐ 5th District (8055)    ☐ 6th District (8056)

```
┌─────────────────────────────┐
│                             │
│                             │
│                             │
│                             │
│                             │
└─────────────────────────────┘
     Judge's Stamp              Presiding Judge           Judge's No.
                                Law Division
```

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Transfer Order                                        (Rev. 9/18/02)  CCL 0526

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

*City of Chicago*                                              292

*Ex Rel Suppressed*

v.                                No. *14 L 004211*

*Suppressed*

The above entitled cause having been assigned to Judge ___*Burke*___

is hereby transferred to the Presiding Judge of the Law Division for the purpose of transferring said cause

to *Judge Barbouse* .

The reason for said transfer: ~~xxxxxxxxxxx~~ *Real Estate*
*False Claim being sent to Judge Barbouse*

(4282- *0193* )

```
┌─────────────────────────────┐
│   Judge Eileen O'Neill Burke │        ( CC )
│                              │        ( T.A. )
│        JUL 1 0 2014          │
│                              │
│     Circuit Court – 1996     │
│                              │
│       Judge's Stamp          │        Judge
└─────────────────────────────┘
```
                                      Judge                    Judge's No.

IT IS HEREBY ORDERED that said cause be and the same is hereby transferred to

Judge _____, Presiding Judge of the:

- ❏ Chancery Division (8058)        ❏ Domestic Relations Division (8057)
- ❏ County Division (8059)          ❏ Probate Division (8060)

**Municipal Department:**

- ❏ 1st District (8051)     ❏ 2nd District (8052)     ❏ 3rd District (8053)
- ❏ 4th District (8054)     ❏ 5th District (8055)     ❏ 6th District (8056)

```
┌───────────────────────────┐
│                           │
│                           │
│                           │
│                           │
│                           │
│      Judge's Stamp        │
└───────────────────────────┘
```
                                      Presiding Judge              Judge's No.
                                      Law Division

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Order                                                    (Rev. 9/13/04) CCG 0002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

City ex rel Suppressed

v.                              No. 14L4211

Suppressed

### ORDER

This case is assigned to Judge Bortkowicz 4418
on Comm Cal Y to peal with all other     8282
false claims cases assigned to Judge     193
Bortkowicz by Previous order

Judge James P. Flannery, Jr.

JUL 11 2014

Circuit Court – 1505

Atty. No.: _____
Name: _____
Atty. for: _____
Address: _____
City/State/Zip: _____
Telephone: _____

ENTERED:

_____ 1505
Judge                          Judge's No.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

_Suppressed_                          )
      Plaintiff(s),               )
                     )
                     )
_v._                     )   No. 14 L 007211
                     )   Calendar "V" – Courtroom 2606
                     )
_Suppressed_                          )
      Defendant(s).               )

## CASE MANAGEMENT ORDER
### (Please check off all paragraphs and circle proper party name)

(4296) _____ 1. **Written** discovery to be issued _____;

(4218) _____ 2. Fact **oral** discovery to be completed by _____;

(4296) _____ 3. _____ shall complete outstanding written discovery by _____;

(4218) _____ 4. _____ shall be presented for deposition by _____;

(4296) _____ 5. All other non-expert written/oral discovery to be completed by _____;

(4206) _____ 6. Plaintiff/Defendant/Add. Party shall answer 213 (f) (2) and (3) Interrogatories by _____;

(4218) _____ 7. Plaintiff's 213 (f) (2) and (3) witness(es) to be deposed by _____;

(4218) _____ 8. Defendant's 213 (f) (2) and (3) witness(es) to be deposed by _____;

(4405) _____ 9. The matter is continued for Pretrial/Final Pretrial on _____ at _____;

(4482) _____10. The matter is continued for (Bench/Jury)Trial on _____ at _____;

(4619) _____11. The matter is continued for subsequent Case Management Conference on _____ at _____;

      in **Courtroom 2606** for:

    (a) _____ Status/Service      (b) _____ Appearance of Defendant(s)

    (c) _____ Discovery Status     (d) _____ Pleadings Status

    (e) _____ Settlement Status

    (f ) _____ Other: _____

Judge Eileen O'Neill Burke

JUL 2 2 2014

*Strike from CMC (4331)

9925

Circuit Court – 1996

Atty ID# _____
Atty for Party: _____
Name: _____
Address: _____
    _____

Phone: _____

Eileen O'Neill Burke - 1996
Circuit Court Judge

CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| CITY OF CHICAGO, | ) | |
| *Ex rel.* SUPPRESSED | ) | |
| | ) | |
| Plaintiff, | ) | 14 L 004211 |
| v. | ) | Judge Ronald F. Bartkowicz |
| | ) | |
| SUPPRESSED, | ) | Calendar Y |
| | ) | |
| | ) | **FILED UNDER SEAL** |
| | ) | |
| Defendant. | ) | |

**THE CITY OF CHICAGO'S MOTION
FOR EXTENSION AND PARTIAL LIFT OF SEAL**

2014 AUG 12 PM 4: 02

Amber Achilles Ritter
Senior Counsel
City of Chicago Department of Law
30 N. LaSalle #1400
Chicago, IL 60602
(312) 744-5218
Atty No. 90909

ATTORNEY FOR THE CITY OF CHICAGO

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

CITY OF CHICAGO,                    )
*Ex rel.* AARON ROSENBERG           )
                                    )
            Plaintiffs,             )      14 L 004211
                                    )
      v.                            )      Judge Ronald F. Bartkowicz
                                    )
REDFLEX TRAFFIC                     )      Calendar Y
SYSTEMS, INC.                       )
A Delaware corporation,             )      **FILED UNDER SEAL**
                                    )
            Defendant.              )

**NOTICE OF MOTION**

Please take notice that on ___8-19___; at __9:30__ a.m., I shall appear on behalf
of the City of Chicago in Courtroom 2101 at the Richard J. Daley Center, 50 W. Washington,
Chicago, Illinois 60602, before Judge Bartkowicz or any other judge in his stead, and present the
City of Chicago's Motion for Extension and Partial Lift of Seal, a true and correct copy of which
is attached and hereby served upon you.


Dated: August 12, 2014


                                        Respectfully submitted,


                                        _____
                                        Assistant Corporation Counsel

## CERTIFICATE OF SERVICE

I, the undersigned, an attorney on behalf of the City of Chicago, hereby certify that I caused to be served upon those listed below copies of the attached Notice of Motion and the City of Chicago's Motion for Extension and Partial Lift of Seal via electronic mail on this 12th day of August, 2014 before 5:00 p.m.

Amber Achilles Ritter
Senior Counsel
City of Chicago Department of Law
30 N. LaSalle #1400
Chicago, IL 60602
(312) 744-5218
Atty No. 90909

John Muldoon
Muldoon & Muldoon, LLC
30 N. LaSalle #2950
Chicago, IL 60602
jjm@muldoonlaw.com

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

CITY OF CHICAGO,                          )
*Ex rel.* AARON ROSENBERG                 )
                                          )
            Plaintiffs,                   )        14 L 004211
                                          )        Judge Ronald F. Bartkowicz
    v.                                    )
                                          )
REDFLEX TRAFFIC                           )        Calendar Y
SYSTEMS, INC.                             )
A Delaware corporation,                   )        **FILED UNDER SEAL**
                                          )
            Defendant.                    )

### THE CITY OF CHICAGO'S MOTION
### FOR EXTENSION AND PARTIAL LIFT OF SEAL

The City of Chicago ("City"), by its Corporation Counsel Stephen R. Patton, hereby

moves this Court for an extension of time in which to notify this Court of its decision to

intervene in this matter, during which time this matter will remain under seal, and for a partial

lift of the seal to allow City investigators to communicate with federal investigators. In support

of this motion, the City states as follows:

1.      On April 15, 2014, the Relator, Aaron Rosenberg, filed this suit on behalf of the

City pursuant to the *qui tam* provisions of the Chicago False Claims Ordinances, Chicago

Municipal Code, § 1-22-010, *et seq.*

2.      Relator's Complaint alleges that the defendant, Redflex Traffic Systems, Inc.

("Redflex"), defrauded the City by engaging in systematic bribery of former City employee John

Bills in connection with the award and performance of its City contracts for the Chicago Red

Light Enforcement program.

3.      The Relator was, himself, an employee of Redflex.

4.    On May 13, 2014, the Relator served the City's attorneys with its submission of material evidence and information in connection with its Complaint, as required by Chicago Municipal Code, § 1-22-030(b)(2).

5.    Pursuant to Chicago Municipal Code, § 1-22-030(b)(2), the City may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information. The ordinance also provides for extensions beyond the initial 60 day period. The City may, for good cause shown, move the court for extensions of the time during which the complaint remains under seal. Chicago Municipal Code, § 1-22-030(b)(3).

6.    Illinois courts have routinely granted seal extensions for good cause pursuant to the City's False Claims Ordinances and the analogous Illinois False Claims Act, 740 ILCS § 175/4(b)(3). See Scachitti v. UBS Financial Services, 215 Ill.2d 484, 510 (2005); State of Illinois ex rel. Beeler, Schad and Diamond, P.C. v. Burlington Coat Factory Warehouse Corp., 369 Ill. App. 3d 507, 514 (1st Dist. 2006).

7.    The initial seal on this matter was set to expire on July 11, 2014. On July 10, 2014, the City brought an Agreed Motion to Extend the Seal, on an emergency basis, before Judge Eileen O'Neill Burke, who was then the judge assigned to this matter. Judge O'Neill Burke granted the motion, extending the seal to September 9, 2014. Judge O'Neill Burke also transferred this matter to Judge Bartkowicz pursuant to a general "sweep order" assigning all non-tax qui tam cases to Judge Bartkowicz. (See Judge O'Neill Burke's July 10, 2014 order, attached hereto as Ex. A.)

8.    The City again asks this Court for an extension of the seal, as the City requires additional time to investigate the allegations alleged in the Relator's Complaint. The City's

investigation is confidential. Upon request from the Court, the City can provide the Court *in camera* with information about the investigation.

9.  The City therefore requests an extension of 60 additional days from the date of the Court's order on this motion to review the Relator's allegations and make an investigation determination.

10.  Further, the City requests a partial lifting of the seal to allow investigators from the City's Office of the Inspector General and counsel for the City, who are conducting the investigation on the allegations of the Relator's complaint, to coordinate with representatives of the U. S. Attorney's Office, and investigators assisting the U. S. Attorney's Office, who are conducting a federal investigation on these same matters. In connection with that investigation, Mr. Bills was arrested in May 2014 and charged with bribery. Neither Redflex, nor any Redflex employees, have, to date, been criminally charged.

11.  It is in the interest of justice and fairness that the allegations be carefully scrutinized before proceeding. Additionally, the City's request will not prejudice any party in this matter. For the foregoing reasons, good cause exists for the extension and for the request for a partial lift of the seal.

WHEREFORE, the City requests that this Court:

A.      Extend the seal period in this matter for 60 days, or until November 10, 2014, to afford the City additional time to investigate this matter and notify this Court of its intervention decision;

B.      Allow a partial lift of the seal to allow investigators from the City's Office of the Inspector General and counsel for the City, who are conducting the investigation on the allegations of the Relator's complaint, to coordinate with representatives of the U. S. Attorney's Office, and investigators assisting the U. S. Attorney's Office, who are conducting a federal investigation on these same matters; and

C.      For such other relief as this Court deems just and appropriate.

Dated: August 12, 2014

Respectfully submitted,

Amber Achilles Ritter
Senior Counsel
City of Chicago Department of Law
30 N. LaSalle #1400
Chicago, IL 60602
(312) 744-5218
Atty No. 90909

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| CITY OF CHICAGO, | ) | |
| *Ex rel.* SUPPRESSED | ) | |
| | ) | |
| Plaintiff, | ) | 14 L 004211 |
| v. | ) | Judge James E. Snyder |
| | ) | |
| SUPPRESSED, | ) | **FILED UNDER SEAL** |
| | ) | |
| Defendant. | ) | |

THE CITY OF CHICAGO'S AGREED EMERGENCY MOTION
FOR EXTENSION OF TIME
TO ELECT TO INTERVENE AND FOR EXTENSION OF THE SEAL

Amber Achilles Ritter
Senior Counsel
City of Chicago Department of Law
30 N. LaSalle #1400
Chicago, IL 60602
(312) 744-5218
Atty No. 90909

ATTORNEY FOR THE CITY OF CHICAGO

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| CITY OF CHICAGO, | ) | |
| *Ex rel.* AARON ROSENBERG | ) | |
| | ) | |
| Plaintiffs, | ) | 14 L 004211 |
| v. | ) | Judge James E. Snyder |
| | ) | |
| REDFLEX TRAFFIC | ) | |
| SYSTEMS, INC. | ) | |
| A Delaware corporation, | ) | **FILED UNDER SEAL** |
| | ) | |
| Defendant. | ) | |

### NOTICE OF AGREED EMERGENCY MOTION

Please take notice that on Wednesday, February 18, 2015, at 1:30 p.m., I shall appear on behalf of the City of Chicago in Courtroom 2001 at the Richard J. Daley Center, 50 W. Washington, Chicago, Illinois 60602, before Judge Snyder or any other judge in his stead, and present the City of Chicago's Agreed Emergency Motion for Extension of Time to Elect to Intervene and for Extension of the Seal, a true and correct copy of which is attached and hereby served upon you.

Dated: February 18, 2015

Respectfully submitted,

Assistant Corporation Counsel

## CERTIFICATE OF SERVICE

I, the undersigned, an attorney on behalf of the City of Chicago, hereby certify that I caused to be served upon those listed below copies of the attached Notice of Emergency Motion and the City of Chicago's Agreed Emergency Motion for Extension of Time to Elect to Intervene and for Extension of the Seal via electronic mail on this 18th day of February, 2015 before 5:00 p.m.

Amber Achilles Ritter
Senior Counsel
City of Chicago Department of Law
30 N. LaSalle #1400
Chicago, IL 60602
(312) 744-5218
Atty No. 90909

John Muldoon
Muldoon & Muldoon, LLC
30 N. LaSalle #2950
Chicago, IL 60602
jjm@muldoonlaw.com

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

CITY OF CHICAGO,                          )
*Ex rel.* AARON ROSENBERG                 )
                                          )
                    Plaintiffs,           )      14 L 004211
          v.                              )      Judge Eileen O'Neill Burke
                                          )
REDFLEX TRAFFIC                           )
SYSTEMS, INC.                             )
A Delaware corporation,                   )      **FILED UNDER SEAL**
                                          )
                    Defendant.            )

## THE CITY OF CHICAGO'S AGREED EMERGENCY MOTION
## FOR EXTENSION OF TIME
## TO ELECT TO INTERVENE AND FOR EXTENSION OF THE SEAL

The City of Chicago ("City"), by its Corporation Counsel Stephen R. Patton, hereby moves on an emergency basis for an extension of time in which to notify this Court of its decision to intervene in this matter, during which time this matter will remain under seal. In support of this motion, the City states as follows:

**Emergency Nature of Motion**

1.       Preliminarily, the City brings this motion on an emergency basis because the seal on this *qui tam* case is set to be lifted today – on February 18, 2015. Had the City brought the motion in the usual course, the seal could have been lifted prior to this Court hearing the motion. As a result, the City properly brings this motion on an emergency basis, as irreparable injury could result to all parties if relief is not granted before the City can be heard on the Court's regular motion call.

**Motion for Extension of Time to Elect to Intervene and for Extension of the Seal**

2.      On April 15, 2014, the Relator, Aaron Rosenberg, filed this suit on behalf of the City pursuant to the *qui tam* provisions of the Chicago False Claims Ordinances, Chicago Municipal Code, § 1-22-010, *et seq.*

3.      Relator's Complaint alleges that the defendant, Redflex Traffic Systems, Inc. ("Redflex") defrauded the City by engaging in systematic bribery of former City employee John Bills in connection with the award and performance of its City contracts for the Chicago Red Light Enforcement program.

4.      On May 13, 2014, the Relator served the City's attorneys with its submission of material evidence and information in connection with its Complaint, as required by Chicago Municipal Code, § 1-22-030(b)(2).

5.      Pursuant to Chicago Municipal Code, § 1-22-030(b)(2), the City may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information. The ordinance also provides for extensions beyond the initial 60 day period. The City may, for good cause shown, move the court for extensions of the time during which the complaint remains under seal. Chicago Municipal Code, § 1-22-030(b)(3).

6.      Illinois courts have routinely granted seal extensions for good cause pursuant to the City's False Claims Ordinances and the analogous Illinois False Claims Act, 740 ILCS § 175/4(b)(3). See Scachitti v. UBS Financial Services, 215 Ill.2d 484, 510 (2005); State of Illinois ex rel. Beeler, Schad and Diamond, P.C. v. Burlington Coat Factory Warehouse Corp., 369 Ill. App. 3d 507, 514 (1st Dist. 2006).

7.     A federal criminal case is currently pending regarding the occurrences complained of by the Relator, against certain of the individuals that the Relator alleges defrauded the City.  The next status date in that federal criminal case is June 8, 2015.  The City's Office of the Inspector General is investigating Relator's allegations to determine whether intervention is appropriate, and cannot make a determination without certain information gained from the federal criminal investigation, which will not be available until June 8, 2015, or thereafter.

8.     The City requires additional time to investigate the allegations alleged in the Relator's Complaint.  The City's investigation is confidential.  Upon request from the Court, the City can provide the Court *in camera* with information about the investigation.

9.     The City therefore requests an extension until after June 8, 2015, to review the Relator's allegations and make an investigation determination.

10.     It is in the interest of justice and fairness that the allegations be carefully scrutinized before proceeding.  Additionally, the City's request will not prejudice any party in this matter.  For the foregoing reasons, good cause exists for the extension.

11.     Counsel for the Relator, John Muldoon, has informed the City that he agrees to the relief sought in this motion.

WHEREFORE, the City requests that this Court extend the seal period in this matter until after June 8, 2015 to afford the City additional time to investigate this matter and notify this Court of its intervention decision.

Dated: February 18, 2015

Respectfully submitted,

Amber Achilles Ritter
Senior Counsel
City of Chicago Department of Law
30 N. LaSalle #1400
Chicago, IL 60602
(312) 744-5218
Atty No. 90909

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| CITY OF CHICAGO, | ) |
| *ex rel.* AARON ROSENBERG, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| REDFLEX TRAFFIC | ) |
| SYSTEMS, INC., | ) |
| a Delaware corporation, | ) |
| | ) |
| Defendant. | ) |

2015 AUG 12　PM 4: 32

CIRCUIT COURT OF COOK
COUNTY, ILLINOIS
LAW DIVISION
14 L 004211
Judge James E. Snyder, CLERK

Judge James E. Snyder

**FILED UNDER SEAL**

## THE CITY OF CHICAGO'S AGREED EMERGENCY MOTION FOR EXTENSION OF TIME TO ELECT TO INTERVENE AND FOR EXTENSION OF THE SEAL

The City of Chicago ("City"), by its Corporation Counsel, Stephen R. Patton, hereby moves for an extension of time in which to notify this Court of its decision to intervene in this matter, during which time this matter will remain under seal. In support of this motion, the City states as follows:

**Emergency Nature of Motion**

1.　Preliminarily, the City brings this motion on an emergency basis because the seal on this *qui tam* case is set to be lifted on August 19, 2015, and the Court's next available motion date is not until August 20, 2015. Had the City brought the motion in the usual course, the seal could have been lifted prior to this Court hearing the motion. As a result, the City properly brings this motion on an emergency basis, as irreparable injury could result to all parties if relief is not granted before the City can be heard on the Court's regular motion call.

**Motion for Extension of Time to Elect to Intervene and for Extension of the Seal**

2.　On April 15, 2014, the Relator, Aaron Rosenberg, filed this suit on behalf of the City pursuant to the *qui tam* provisions of the Chicago False Claims Ordinance, Chicago

Municipal Code, § 1-22-010, *et seq.*

3. Relator's Complaint alleges that the defendant, Redflex Traffic Systems, Inc. ("Redflex"), defrauded the City by engaging in systematic bribery of former City employee, John Bills, in connection with the award and performance of its City contracts for the Chicago Red Light Enforcement program.

4. On May 13, 2014, the Relator served the City's attorneys with its submission of material evidence and information in connection with its Complaint, as required by Chicago Municipal Code, § 1-22-030(b)(2).

5. Pursuant to Chicago Municipal Code, § 1-22-030(b)(2), the City may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information. The ordinance also provides for extensions beyond the initial 60-day period. The City may, for good cause shown, move the court for extensions of the time during which the complaint remains under seal. Chicago Municipal Code, § 1-22-030(b)(3).

6. Illinois courts have routinely granted seal extensions for good cause pursuant to the City's False Claims Ordinances and the analogous Illinois False Claims Act, 740 ILCS § 175/4(b)(3). *See Scachitti v UBS Financial Services*, 215 Ill. 2d 484, 510 (2005); *State of Illinois ex rel Beeler, Schad and Diamond, P.C. v Burlington Coat Factory Warehouse Corp.*, 369 Ill. App. 3d 507, 514 (1st Dist. 2006).

7. A federal criminal case is currently pending regarding the occurrences complained of by the Relator, against certain of the individuals that the Relator alleges defrauded the City. The City's Office of the Inspector General and Department of Law are investigating Relator's allegations to determine whether intervention is appropriate, but cannot make a determination without certain information gained from the federal criminal case, *United States v*

*John Bills, et al.*, Case No. 14 CR 135, pending in the Northern District of Illinois.

8.      The parties were last before the Court on June 16, 2015. At that time the Court granted the City's motion to extend the seal through August 19, 2015, in anticipation of a guilty plea being entered on August 11, 2015, by former Redflex Vice President and CEO, Karen Finley, in the federal case. However, just this week, counsel for the City and for the relator both learned that on July 28, 2015, Karen Finley's Change of Plea Hearing was stricken and reset to August 20, 2015 at 10:15 a.m. *See United States v. Karen Finley*, Case No. 14 CR 135-3, Dkt. No. 82, Minute Entry, 14 CR 135-3.

9.      The City therefore requests a very short one-week extension, from August 19 to August 26, 2015, to allow the City to review the anticipated guilty plea, with stipulated facts, the Relator's allegations, and to make an intervention determination.

10.      It is in the interest of justice, fairness, and judicial economy that the allegations be carefully scrutinized before proceeding. Additionally, the City's request will not prejudice any party in this matter. For the foregoing reasons, good cause exists for the extension.

11.      Counsel for the Relator, John Muldoon, has informed the City that he agrees to the extension sought in this motion.

WHEREFORE, the City requests that this Court extend the seal period in this matter for one additional week, until August 26, 2015, to afford the City additional time to review the anticipated guilty plea in the federal case as part of its investigation of this matter, and notify this Court of its intervention decision.

Dated: August 12, 2015.

Respectfully submitted,

STEPHEN R. PATTON
Corporation Counsel, City of Chicago

By: *Fiona A. Burke*
Fiona A. Burke
Senior Counsel
City of Chicago Department of Law
30 N. LaSalle, Suite1400
Chicago, IL 60602
(312) 744-6929
Fiona.burke@cityofchicago.org
Attorney No. 90909

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| CITY OF CHICAGO,<br>*ex rel* AARON ROSENBERG, | )<br>)<br>) | 2015 AUG 12 PM 4: 32 |
| | ) | CIRCUIT COURT OF COOK<br>COUNTY, ILLINOIS<br>LAW DIVISION |
| Plaintiffs, | ) | 14 L 004211 |
| v. | ) | Judge James E. Snyder  CLERK |
| | ) | DOROTHY BROWN |
| REDFLEX TRAFFIC<br>SYSTEMS, INC.,<br>a Delaware corporation, | )<br>)<br>) | **FILED UNDER SEAL** |
| | ) | |
| Defendant. | ) | |

**NOTICE OF AGREED EMERGENCY MOTION**

Please take notice that on Thursday, August 13, 2015, at 9:00 a.m., I shall appear on behalf of the City of Chicago in Courtroom 2001 at the Richard J. Daley Center, 50 W. Washington, Chicago, Illinois 60602, before Judge Snyder or any other judge in his stead, and present the City of Chicago's Agreed Emergency Motion for Extension of Time to Elect to Intervene and for Extension of the Seal, a true and correct copy of which is attached and hereby served upon you.

Dated: August 12, 2015.

Respectfully submitted,

STEPHEN R. PATTON
Corporation Counsel, City of Chicago

By: *Fiona A. Burke*
Fiona A. Burke
Senior Counsel
City of Chicago Department of Law
30 N. LaSalle, Suite1400
Chicago, IL 60602
(312) 744-6929
Fiona.burke@cityofchicago.org
Attorney No. 90909

## CERTIFICATE OF SERVICE

I, the undersigned, an attorney on behalf of the City of Chicago, hereby certify that I caused to be served upon those listed below copies of the attached Notice of Motion and the City of Chicago's Agreed Emergency Motion for Extension of Time to Elect to Intervene and for Extension of the Seal via hand delivery on this 12th day of August, 2015 before 5:00 p.m.

John Muldoon
Muldoon & Muldoon, LLC
30 N. LaSalle #2950
Chicago, IL 60602
jjm@muldoonlaw.com


Fiona A. Burke
Senior Counsel
City of Chicago Department of Law
30 N. LaSalle, Suite1400
Chicago, IL 60602
(312) 744-6929
Fiona.burke@cityofchicago.org
Attorney No. 90909

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

City of Chicago,
ex rel. Suppressed

    Plaintiff(s),

vs.

Suppressed

    Defendant(s).

)
)
)
)
)
)
)
)
)
)
)

No.

14 L 4211
Cal. Y

**ORDER**

(P.B.)

This matter coming to be heard on the City of Chicago's Motion for Extension and Partial Lift of Seal. It is hereby ordered:

1. The City's Motion for Partial Lift of Seal is denied;

2. The City's Motion for Extension of the Seal is granted, and the seal is extended until October 31, 2014;

3. This matter is set for status on October 31, 2014, at 9:10 AM.

Attorney No. 90909

Attorney Name Amber Ritter

Attorney For City of Chicago

Attorney Address 30 N. LaSalle #1400

City State Chgo, IL 60602

Attorney Phone No. 312-744-5218

Judge Ronald F. Bartkowicz
**ENTERED**

AUG 19 2014

Circuit Court - 193

Enter:

Ronald F. Bartkowi...
Circuit Court Judge -

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

City of Chicago, )
ex rel.                    Plaintiff(s), )
Aaron Rosenberg )
                              )          No. 14 L 4211
vs.                          )
                              )
                              )
                              )
                    Defendant(s). )
Redflex Traffic Systems, Inc. )

**ORDER**

This matter coming before the Court for status, IT IS HEREBY ORDERED that the City of Chicago having filed its Notice of Intention to Intervene and Proceed with Action, the seal is hereby lifted, 4710 Plaintiff shall serve the complaint on 4251 defendant within 30 days, by Sept. 25, 2015, This matter is set for further status on October 6, 2015 at 9:00 a.m. in Courtroom 2001 6315

ENTERED
JUDGE JAMES E. SNYDER-1970
AUG 26 2015
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Attorney No. 90909
Attorney Name Fiona A. Burke
Attorney For City of Chicago
Attorney Address 30 N. LaSalle #1400
City, State Chicago IL 60602
Attorney Phone No. 312-744-6929

Enter:

Judge James E. Snyder
Circuit Court Judge - 197€