# Exhibit B

Form LR 26.2
MODEL CONFIDENTIALITY ORDER

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| **CITY OF CHICAGO,** | ) | |
| *ex rel.* **AARON ROSENBERG,** | ) | |
| **Plaintiff** ), | ) | **15-cv-08271** |
| | ) | |
| **v,** ) Civil No. | ) | |
| ) District | ) | **Judge John J. Tharp, Jr,** |
| | ) | |
| Defendant | ) | Magistrate Judge |
| | ) | |
| **[REDFLEX TRAFFIC SYSTEMS, INC.,** | ) | |
| **a Delaware corporation, and REDFLEX** | ) | |
| **HOLDINGS LIMITED, an Australian company,** | ) | |
| **Defendants.** | ) | |

**Agreed**[1] **Confidentiality and FRE 502(d) and (e) Clawback Order**

[if by agreement] The parties Parties to this Agreed Confidentiality Order ("Order") have agreed to the terms of this Order; accordingly, it is ORDERED:

[if not fully agreed] A party to this action has moved that the Court enter a confidentiality order. The Court has determined that the terms set forth herein are appropriate to protect the respective interests of the parties, the public, and the Court. Accordingly, it is ORDERED:

1. **Scope.**

    (a) **Generally.** All materials produced or adduced in the course of discovery, including initial or amended disclosures, responses to interrogatories, requests for admission, and discovery requests, deposition testimony and

22964195.1

exhibits, and documents and testimony, data, and other information derived directly therefrom (hereinafter collectively

---

1       Counsel should include or delete language in brackets as necessary to the specific case.  Any other changes to this model order must be shown by redlining that indicates both deletions and additions to the model text.  Counsel may also modify this model order as appropriate for the circumstances of the case.  This model order is for the convenience of the parties and the court and not intended to create a presumption in favor of the provisions in this model order and against alternative language proposed by the parties.  The court will make the final decision on the terms of any order notwithstanding the agreement of the parties.

22964195.1

~~documents~~produced or disclosed ("Discovery Material"), shall be subject to this Order concerning Confidential Information or Highly Confidential – Attorneys' Eyes Only Information, as defined below.  This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**(b)** **Party Definitions.**  A Party (or, if applicable, non-party) producing information covered by this Order shall be referred to as the "Designating Party."  Any Party (or, if applicable, non-party) receiving Discovery Material covered by this Order shall be referred to as the "Receiving Party."

**(c)** **Derivative Material, Compilations.**  The protections conferred by this Order cover not only Discovery Material designated as Confidential or Highly Confidential – Attorneys' Eyes Only, but also: (1) any information copied or extracted from such Discovery Material; and (2———) all copies, excerpts, summaries, or compilations of such Discovery Material.

**(d)** **Material Not Covered.**  The protections conferred by this Order do not cover any information that is in the public domain or that is not Discovery Material, as defined in Paragraph 1(a) of this Order.

**(e)** **Designations by a Non-Party.**  Any non-party to this Action may designate any Discovery Material it produces as Confidential or Highly Confidential – Attorneys' Eyes Only pursuant to the terms of this Order, and, in so designating, the non-party and the Parties agree that the restrictions and terms of this Order shall be applicable to all such Discovery Material to the same extent as Discovery Material produced by a Party.  The non-party producing Discovery Material must first complete the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

2

2.    **Confidential Information.**  As used in this Order, "Confidential Information" means information designated as "~~CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER~~Confidential" by the ~~producing party~~Designating Party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the ~~party~~Party has maintained as confidential~~;~~, including bid documents, analyses and requests for proposals; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms~~; or (g) personnel~~, financial statements and supporting data; or (g) personnel or employment records of a person who is not a Party to the case.  Information or documents that are available to the public may not be designated as Confidential Information.

~~or employment records of a person who is not a party to the case².  Information or documents that are available to the public may not be designated as Confidential Information.~~

3.    ~~3.~~    **Highly Confidential – Attorneys' Eyes Only Information.**  As used in this Order, "Highly Confidential – Attorneys' Eyes Only Information" means information designated as "Highly Confidential – Attorneys' Eyes Only" by the Designating Party that the Designating Party in good faith believes could reasonably result in commercial, financial or business injury to the Designating Party (other than injury to the Designating Party's position in this Action), or to a non-party whose information is in the possession of the City, in the event of the disclosure, dissemination or use by or to any of the persons not enumerated in Paragraph 7(c).

4.    **Designation.**

**(a)** A ~~party~~Party may designate a document as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information for protection under this Order by placing or affixing the words ~~"CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER~~Confidential" or "Highly Confidential – Attorneys' Eyes Only", on each page of the document or material and on all copies in a manner that will not interfere with the legibility of the document.

**(b)** As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information or Highly Confidential – Attorneys' Eyes Only Information. Electronic media (such as CDs and DVDs) shall, at the time of production, be designated by affixing a label to such media. In the case of initial or amended disclosures, interrogatory answers, responses to requests for admissions, and other similar documents providing information, the designation shall be made by means of a statement in the relevant document specifying that the document or specific parts thereof are designated Confidential or Highly Confidential – Attorneys' Eyes Only.

~~includes electronic images, duplicates, extracts, summaries or descriptions that contain~~

---

~~2    If protection is sought for any other category of information, the additional category shall be described in paragraph 2 with the additional language redlined to show the change in the proposed Order.~~

the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of the documents are produced or disclosed. (c) Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER"Confidential or Highly Confidential – Attorneys' Eyes Only to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER"Confidential or Highly Confidential – Attorneys' Eyes Only shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information or Highly Confidential – Attorneys' Eyes Only Information are not required to be marked.

(b)d) The designation of a document as Confidential Information or Highly Confidential – Attorneys' Eyes Only is a certification by an attorney or a partyParty appearing *pro se* that the document contains Confidential Information or Highly Confidential – Attorneys' Eyes Only Information as defined in this order.³Order.¹

4. **Depositions.**⁴

Alternative A. Deposition testimony is protected by this Order only if designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER"Confidential or Highly

---

¹ An attorney who reviews the documents and designates them as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" must be admitted to the Bar of at least one state but need not be admitted to practice in the Northern District of Illinois, unless the lawyer is appearing generally in the case on behalf of a Party. By designating documents Confidential or Highly Confidential – Attorneys' Eyes Only pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

Confidential – Attorneys' Eyes Only on the record at the time

the testimony is taken.  Such designation shall be specific as to the portions that contain

---

3        An attorney who reviews the documents and designates them as
CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER must be admitted to the Bar of
at least one state but need not be admitted to practice in the Northern District of Illinois
unless the lawyer is appearing generally in the case on behalf of a party.  By
designating documents confidential pursuant to this Order, counsel submits to the
jurisdiction and sanctions of this Court on the subject matter of the designation.

4        The parties or movant seeking the order shall select one alternative for
handling deposition testimony and delete by redlining the alternative provision that is
not chosen.

5. Confidential Information or Confidential or Highly Confidential – Attorneys' Eyes Only Information. Deposition testimony so designated shall be treated as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information protected by this Order until fourteen (14) days after delivery of the transcript by the court reporter to any partyParty or the witness. Within fourteen (14) days after delivery of the transcript, a designating partyDesignating Party may serve a Notice of Designation to all partiesParties of record identifying the specific portions of the transcript that are designated Confidential Information and or Highly Confidential – Attorneys' Eyes Only Information, and thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Order. The failure to serve a timely Notice of Designation waives any designation. Where confidentiality designations of deposition testimony as Confidential Information that wasare made orally on the record of theduring a deposition, unless otherwise ordered by the Designating Party shall confirm that designation in writing within fourteen (14) days after receiving the Courttranscript.

Alternative B. Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this caseNon-Documentary and Non-Testimonial Material. Non-documentary and non-testimonial material, such as oral statements, shall be treateddesignated as Confidential Information until the expiration of the following: No later than the fourteenth day after the transcript is delivered to any party or the witness, and in no event later

6. than 60 days after the testimony was given. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Highly Confidential – Attorneys' Eyes Only Information, and

Formatted: Header

Formatted: List Paragraph, Justified, Indent: Left: 0", First line: 0.5", Right: 0", Space Before: 0 pt, Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.5" + Indent at: 0.75", Widow/Orphan control, Adjust space between Latin and Asian text, Adjust space between Asian text and numbers, Tab stops: 0.5", Left

Formatted: Font: Times New Roman

Formatted: Font: Times New Roman

Formatted: Font: Times New Roman, Not Expanded by / Condensed by

Formatted: Font: Times New Roman

Formatted: Font: Times New Roman, Not Expanded by / Condensed by

Formatted: Font: Times New Roman

Formatted: Font: Times New Roman, Not Expanded by / Condensed by

Formatted: Font: Times New Roman

Formatted: Font: Times New Roman, Not Expanded by / Condensed by

Formatted: Font: Times New Roman

Formatted: Font: Times New Roman

Formatted: Font: Times New Roman

Formatted: Font: Times New Roman, Not Expanded by / Condensed by

Formatted: Font: Times New Roman

Formatted: Font: Times New Roman, Not Expanded by / Condensed by

Formatted: Font: Times New Roman

Formatted: Font: Times New Roman

Formatted: Font: Times New Roman, Not Expanded by / Condensed by

Formatted: Font: Times New Roman

Formatted: Font: Times New Roman

Formatted: List Paragraph, Justified, Indent: Left: 0", First line: 0.5", Right: 0", Space Before: 0 pt, Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.5" + Indent at: 0.75", Widow/Orphan control, Adjust space between Latin and Asian text, Adjust space between Asian text and numbers, Tab stops: 0.5", Left

Formatted: Font: Times New Roman

Formatted: Font: Times New Roman

Formatted: Header

thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court. if, and as appropriate, at the time of disclosure and confirmed in writing within fourteen (14) days of their disclosure.

Formatted: Font: Times New Roman

7.    5.    **Protection of Confidential Material.**

(a)    **General Protections.** Confidential Information and Highly Confidential – Attorneys' Eyes Only Information shall not be used or disclosed by the ~~parties~~Parties, counsel for the ~~parties~~Parties or any other persons identified in ~~subparagraph~~subparagraphs (b) and (c) for any purpose whatsoever, other than in this litigation, including any appeal thereof. ~~[INCLUDE IN PUTATIVE CLASS ACTION CASE: In a putative class action, Confidential Information may be disclosed only to the named plaintiff(s) and not to any other member of the putative class unless and until a class including the putative member has been certified.]~~ except as the Designating Party may agree in writing, or unless successfully challenged as provided in paragraph 13, or unless otherwise required by court order or law.

(b)    **Limited – Third-Party Disclosures** of Confidential Information. The ~~parties~~Parties and counsel for the ~~parties~~Parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity, except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1)    **Counsel.** Counsel for the ~~parties~~Parties and employees of counsel who have responsibility for the action;

(2)    **Parties.** Individual ~~parties~~Parties and employees of a ~~party~~Party, but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

~~in which the information is disclosed;~~

(3)    **The Court and its personnel;**

(4)   **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

(5)   **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents Discovery Material or organizing or processing documents Discovery Material, including outside vendors hired to process electronically stored documents, copying services, litigation support services, translation services, graphics and design services, and document review and handling services, as well as investigators, trial consultants, jury consultants, and mock jurors, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound ("Contractors");

(6) **Consultants and Experts.** Consultants, investigators, or experts employed by the ~~parties~~Parties or counsel for the ~~parties~~Parties to assist in the preparation and trial of this action, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7) **Witnesses at depositions.** During their depositions, witnesses in this action to whom disclosure is reasonably necessary, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions solely in connection with review of the transcripts, and must return all copies after their review. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information, pursuant to the process set out in this Order, must be separately bound by the court reporter and may not be disclosed to anyone, except as permitted under this Order.

~~to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.~~

(8) **Author or recipient.** The author or recipient of the document (not including a person who received the document in the course of litigation); and

(9) **Others by Consent.** Other persons only by written consent of the producing ~~party~~Party or upon order of the Court and on such conditions as may be agreed or ordered.

~~(c) Control of Documents. Counsel for the parties~~(c) **Limited Third-Party Disclosures of Highly Confidential – Attorneys' Eyes Only Information.** The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Highly Confidential – Attorneys' Eyes Only Information to any third person or entity, except as set forth in subparagraphs (1)-(5). Subject to these requirements, the following categories of persons may be allowed to review Highly Confidential – Attorneys' Eyes Only Information:

22964195.1                    11

(1)     **Outside Counsel.**  Outside counsel for the Parties in this Action and employees of outside counsel who have responsibility for the Action;

(2)     **Court and its personnel, Court Reporters and Recorders, Contractors, Experts, and Special Masters;**

(3)     **Witnesses at depositions.**  In connection with their depositions, witnesses in this Action to whom disclosure is reasonably necessary, but only when the witness authored, sent, modified or received the Discovery Material in the ordinary course of business; provided, however, that the witness shall only be shown the specific portions of the Discovery Material to which access is reasonably necessary, with all other designated material redacted, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.  Witnesses shall not retain a copy of documents containing Highly Confidential – Attorneys' Eyes Only Information, except witnesses may receive a copy of all exhibits marked at their depositions solely in connection with review of the transcripts, and must return all copies after their review.  Pages of transcribed deposition testimony or exhibits to depositions that are properly designated as Highly Confidential – Attorneys' Eyes Only Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except, as permitted under this Order.

(4)     **Author, sender or recipient.**  Any witness, to the extent that it is evident that the person authored, sent or received the Discovery Material prior to its production in this Action in the ordinary course of business, provided that the witnesses shall only be shown the specific portions of the Discovery Material authored, sent or received by the witness, with all other designated material redacted, and has completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(5)     **Others by Consent.**  Other persons only by written consent of the Designating Party or upon order of the Court and on such conditions as may be agreed or ordered.

(d)     **Control of Documents.**  Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information and Highly Confidential – Attorneys' Eyes Only Information. Counsel for the Party employing, examining, or interviewing witnesses shall be responsible for obtaining the executed Acknowledgment of Understanding and Agreement to Be Bound, shall maintain the originals of the forms signed by

22964195.1                                    12

persons acknowledging their obligations under this Order that form for a period of three years after the termination of the case, and shall serve it on counsel upon request.

6.    **Inadvertent Failure to Designate and Mis-Designation.**  An inadvertent failure to designate a document Discovery Material as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information or mis-designation of Discovery Material does not, standing alone, waive the right to so designate or re-designate the document; provided, however, that a Discovery Material or constitute a waiver of a claim of confidentiality.  A failure to serve a timely Notice of Designation of deposition testimony as required designate or correctly designate Discovery Material may be corrected by this Order, even if inadvertent, waives any protection for deposition testimony.  If a party designates a document as

Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is

8.     treated in accordance with the provisions of this Order.prompt written notice upon discovery of such failure, accompanied by appropriately designated substitute copies of the Discovery Material.  No partyParty shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Informationas Confidential Information or Highly Confidential – Attorneys' Eyes Only Information.  If a Party designates or re-designates Discovery Material as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information after it was initially produced, the Receiving Party, on notification of the designation and receipt of substitute copies, must make a reasonable effort to promptly destroy or return to the Designating Party all copies of such non-designated or mis-designated Discovery Material and shall treat the substitute Discovery Material as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information, as appropriate, as if it had been initially so designated.  If the Receiving Party disclosed Discovery Material that was subsequently designated as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information, it shall in good faith assist the Designating Party in retrieving such Discovery Material from all recipients not entitled to access to such Discovery Material and prevent further disclosures, except as authorized under the terms of this Order.

9.     7.    Federal Rule of Civil Procedure 502 Privilege Protections.  Pursuant to FRE 502(d) and (e), the parties agree to and the Court orders protection of privileged and otherwise protected documents, data (including electronically stored information) and other information,

22964195.1                                                    14

Formatted: Header

including without limitation, metadata (collectively "Documents") against claims of waiver (including as against third parties and in other federal and state proceedings) as follows:

(a) The disclosure or production of Documents by a Producing Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a Receiving Party, shall in no way constitute the voluntary disclosure of such Document.

(b) The disclosure or production of any Document shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such Document as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

(c) If, during the course of this litigation, a party determines that any Document produced by another party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected Document"):

(i) the Receiving Party shall:

(A) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure;

22964195.1                                    15

Formatted: Header

(B) immediately notify the Producing Party in writing that it has discovered Documents believed to be privileged or protected;

(C) specifically identify the Protected Documents by Bates number range or hash value, and,

(D) within ten (10) days of discovery by the Receiving Party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof.

To the extent the Court ultimately orders destruction of a Protected Document and that Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.  Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party.  Notwithstanding, the Receiving Party is under no obligation to search or review the Producing Party's Documents to identify potentially privileged or work product Protected Documents.

(ii)  If the Producing Party intends to assert a claim of privilege or other protection over Documents identified by the Receiving Party as Protected Documents, the Producing Party will, within ten (10) days of receiving the Receiving Party's written notification described above, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements

22964195.1                          16

Formatted: Header

of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of a Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

(d)     If, during the course of this litigation, a party determines it has produced a Protected Document:

(i) the Producing Party may notify the Receiving Party of such production and demand the return of such documents. Such notice shall be in writing, however, it may be delivered orally on the record at a deposition, promptly followed up in writing. The Producing Party's written notice will identify the Protected Document produced by Bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of the Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the Document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

(ii) The Receiving Party must, within ten (10) days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Protected Document

Formatted: Header

and any copies, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.

(e)     To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party as set forth in paragraphs (c)(ii) and d(i), then the Receiving Party shall sequester such documents until the claim has been resolved. If the Receiving Party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

(f)     The Receiving Party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the Requesting Party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection. However, the Receiving Party is prohibited and estopped from arguing that:

(i) the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

(ii) the disclosure of the Protected Documents was not inadvertent;

(iii) the Producing Party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

22964195.1

18

Formatted: Header

(iv) the Producing Party failed to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

(g)     Either party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection.  The Producing Party shall preserve the Protected Documents until such claim is resolved.  The Receiving Party may not use the Protected Documents for any purpose absent this Court's Order.

(h)     Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within 10 (ten) days of the Court's order.  The Court may also order the identification by the Receiving Party of Protected Documents by search terms or other means.

(i)     Nothing contained herein is intended to, or shall serve to limit a party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another party.

(j)     By operation of the parties' agreement and Court Order, the parties are specifically afforded the protections of FRE 502 (d) and (e).

22964195.1                                19

**10.** **Filing of Confidential** ~~Information.~~or Highly Confidential – Attorneys' Eyes Only Discovery Material. This Order does not, by itself, authorize the filing of any document under seal. Any ~~party~~Party wishing to file a document designated as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information in connection with a motion, brief or other submission to the Court, or file a motion, brief, or other submission containing Confidential Information or Highly Confidential – Attorneys' Eyes Only Information, must comply with ~~LR~~Civil Local Rules 5.7 and 26.2. The Designating Party shall have the opportunity to join in a motion to file under seal and file supplemental briefing in support of the motion.

**11.** ~~8.~~ **No Greater Protection of Specific ~~Documents~~** Documents. Except on privilege grounds not addressed by this Order, no ~~party~~Party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the ~~party~~Party moves for an order providing such special protection.

**12.** ~~9.~~ **Challenges ~~by a Party to Designation as Confidential Information.~~** or Highly Confidential – Attorneys' Eyes Only Information. The designation of any material or document as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information is subject to challenge by any ~~party~~Party. The following ~~procedure~~procedures shall apply to any such challenge.

     (a)   **Meet and Confer.** A ~~party~~Party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the ~~designating party.~~Designating Party. In conferring, the challenging ~~party~~Party must explain the basis for its belief that the confidentiality designation was not

proper and must give the ~~designating party~~Designating Party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The ~~designating party~~Designating Party must respond to the challenge within five (5) business days.

(b) **Judicial Intervention**. A ~~party~~Party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the ~~designating party.~~Designating Party. Until the Court rules on the challenge, all ~~parties~~Parties shall continue to treat the materials as Confidential Information under the terms of this Order.

13. ~~10.~~ **Action by the Court**. Applications to the Court for an order relating to materials or documents designated Confidential Information or Highly Confidential – Attorneys' Eyes Only Information shall be by motion. Nothing in this Order or any action or agreement of a ~~party~~Party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

~~11.~~ **Use of Confidential ~~Documents~~Information or Highly Confidential – Attorneys' Eyes Only Information at Trial or Hearings**. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A ~~party~~Party that intends to present Confidential Information or ~~that anticipates that another party may present~~that anticipates that another Highly Confidential ~~information – ~~Attorneys' Eyes Only Information at a hearing or trial shall bring that issue to the Court's and ~~parties'~~Parties' attention by motion or in a pretrial memorandum without disclosing

**14.** the Confidential Information or Highly Confidential – Attorneys' Eyes Only Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**15.** 12. **Confidential Information** Subpoenaed or Ordered Produced in Other**Highly Confidential – Attorneys' Eyes Only Information Requested by Third Party; Procedure Following Request.**

Litigation.

**(a)** If a receiving party**Receiving Party** is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential or Information Highly Confidential – Attorneys' Eyes Only Information, the receiving party**Receiving Party** must so notify the designating party**Designating Party,** in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

**(b)** The receiving party**Receiving Party** also must immediately inform in writing the party**Party** who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party**Receiving Party** must deliver a copy of this Order promptly to the party**Party** in the other action that caused the subpoena to issue.

**(c)** The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party**Designating Party** in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the**The Designating Party shall**

22964195.1

22

**Formatted:** Header

bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.  The obligations set forth in this paragraph remain in effect while the Party has in its possession, custody or control Confidential Information by the other Party to this case,

**Formatted:** Font: Times New Roman

expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.  The obligations set forth

22964195.1                                                  23

in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

13. **(d)** Materials that have been designated as Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material shall not be provided or disclosed to any third party in response to a request under the Illinois Freedom of Information Act ("FOIA"), or any similar federal, state or municipal law (collectively, the "Public Disclosure Laws"), and are exempt from disclosure pursuant to, *inter alia*, 5 ILCS 140/7(1)(a), and may also be exempt under other FOIA provisions. If the City receives such a request, it shall (i) provide a copy of this Order to the requesting party and inform it that the requested materials are exempt from disclosure and that the City is barred by this Order from disclosing them, and (ii) promptly inform the Designating Party that the request has been made, identifying the name of the requesting party and the particular materials sought. The restrictions in this paragraph shall not apply to materials that (i) the Designating Party expressly consents in writing to disclosure; or (ii) this Court has determined by court order to have been improperly designated as Confidential or Highly Confidential-Attorneys' Eyes Only Discovery Material. The provisions of this section shall apply to any entity in receipt of Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material governed by this Order. Nothing in this Order shall be deemed to (1) foreclose any Party from arguing that Discovery Material is not a public record for purposes of the Public Disclosure Laws, or (2) limit any arguments that a Party may make as to why Discovery Material is exempt from disclosure.

**16.** **Challenges by Members of the Public to Sealing Orders.** A party Party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party Party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

22964195.1

24

**17.** ~~14.~~ **Obligations on Conclusion of Litigation.**

**(a)** **Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b)** **Obligations at Conclusion of Litigation.** Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and ~~documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER"~~ Highly Confidential – Attorneys' Eyes Only Information under this Order, including copies as defined in ~~¶ 3~~Paragraph 4(a~~.~~) above, shall be returned to the producing ~~party~~Party, unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the ~~parties~~Parties agree to destruction to the extent practicable in lieu of return;[5] and allowable by law[2]; or (3) as to documents bearing the notations, summations, or other mental impressions of the ~~receiving party~~Receiving Party, that ~~party~~Party elects to destroy the documents and certifies to the producing ~~party~~Party that it has done so.

---

~~5      The parties may choose to agree~~ Except, however, that ~~the receiving party~~nothing in this paragraph shall ~~destroy documents containing Confidential Information and certify~~modify the City's obligations under ~~the~~ ~~fact of destruction, and that the receiving party shall not be required to locate, isolate and return e-mails (including attachments to~~

---

[2] The Parties may choose to agree that the Receiving Party shall destroy documents containing "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information and certify the fact of destruction, and that the receiving Party shall not be required to locate, isolate and return e-mails (including attachments to e-mails) that may include "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information, or "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information contained in deposition transcripts or drafts or final expert reports.

22964195.1                                     25

~~e-mails) that may include Confidential Information, or Confidential Information contained in deposition transcripts or drafts or final expert reports.~~Illinois Local Records Act, 50 ILCS 205/1 *et seq.*

26

**(c)** **Retention** of Work Product and one set of Filed Documents.Discovery Material. Notwithstanding the above requirements to return or destroy documents, City's counsel and Defendants' outside counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information or Highly Confidential – Attorneys' Eyes Only Discovery Material so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal, deposition and trial transcripts, and deposition and trial exhibits. Any retained Confidential Information or Highly Confidential – Attorneys' Eyes Only Discovery Material shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information or Highly Confidential – Attorneys' Eyes Only Information.

**(d)** **Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

**18.** 15. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a partyParty or any other person with standing concerning the subject matter.

**19.** 16. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the partiesParties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information or Highly Confidential – Attorneys' Eyes Only by counsel or the partiesParties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

22964195.1

27

20. 17. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the partiesParties, and persons made subject to this Order by its terms.

**So Ordered.**

Dated: ________________________________

U.S. District Judge

U.S. Magistrate Judge

**[Delete signature blocks if not wholly by agreement]**

| | |
|---|---|
| **WE SO MOVE and agree to abide by the terms of this Order** | **WE SO MOVE and agree to abide by the terms of this Order** |

Formatted: Header

Formatted: Font: Times New Roman, (none)

Formatted: List Paragraph, Justified, Indent: Left: 0", First line: 0.5", Right: 0", Space Before: 0 pt, Line spacing: Double, Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.5" + Indent at: 0.75", Widow/Orphan control, Adjust space between Latin and Asian text, Adjust space between Asian text and numbers, Tab stops: 0.5", Left + Not at 1.07"

Formatted: Font: Times New Roman, Bold, (none)

Formatted: Font: Times New Roman, Not Expanded by / Condensed by

Formatted: Font: Times New Roman, (none), Not Expanded by / Condensed by

Formatted: Font: Times New Roman, (none)

Formatted: Font: Times New Roman, Bold, (none)

Formatted: Font: Times New Roman, Bold

Formatted: Font: Times New Roman, Expanded by 0.9 pt

Formatted: Justified, Indent: Left: 0", Right: 0", Space Before: 0 pt, Line spacing: Double, Widow/Orphan control, Adjust space between Latin and Asian text, Adjust space between Asian text and numbers

Formatted: Font: Times New Roman, Bold, (none)

Formatted ... [87]

Formatted ... [88]

Formatted ... [89]

Formatted ... [90]

Formatted ... [91]

Formatted ... [92]

Formatted ... [93]

Formatted ... [94]

Formatted ... [95]

Formatted ... [96]

Formatted ... [97]

Formatted ... [98]

Formatted ... [99]

Formatted ... [100]

Formatted ... [101]

Formatted ... [102]

Formatted ... [103]

Formatted: Header

/s/ Anthony J. Masciopinto
*Attorneys for City of Chicago*

Shelly B. Kulwin
Anthony J. Masciopinto
Jeffrey R. Kulwin
Rachel A. Katz
Kulwin, Masciopinto and Kulwin, LLP
161 N. Clark St., Suite 2500
Chicago, Illinois 60601
312.641.0300

Diane Pezanoski
Fiona A. Burke
City of Chicago, Department of Law
30 N. LaSalle Street, Suite 1400
Chicago, Illinois 60602
312.744.0306

/s/ William B. Berndt
*Attorneys for Redflex Traffic Systems, Inc. and Redflex Holdings, Ltd.*

Steven A. Weiss
William B. Berndt
Callie J. Sand
Honigman Miller Schwartz and Cohn LLP
One South Wacker Drive, 28th Floor
Chicago, Illinois 60606
312.701.9300

_____
Signature

_____
Printed Name

Counsel for: _____

_____
Signature

_____
Printed Name

Counsel
for: _____

29

22964195.1

Dated: _____                    Dated: _____

22964195.1

**Formatted:** Header

**Formatted:** Left: 1", Right: 1", Top: 1", Bottom: 1", Section start: New page, Do not suppress endnotes, Force equal column width, Different first page header

**ATTACHMENT A**

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| Civil No. **CITY OF CHICAGO,** | ) | |
| *ex rel.* **AARON ROSENBERG,** | ) | |
| **Plaintiff,** | ) | **15-cv-08271** |
| | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |
| **v.** | ) | **Judge John J. Tharp, Jr.** |
| **REDFLEX TRAFFIC SYSTEMS, INC.,** | ) | |
| **a Delaware corporation, and REDFLEX** | ) | |
| **HOLDINGS LIMITED, an Australian company,** | ) | |
| **Defendants.** | ) | |

**ACKNOWLEDGMENT AND**
**AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Agreed Confidentiality Order dated _____ ("Order") in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Informationinformation to any other person, firm or concern.

22964195.1

The undersigned acknowledges that violation of the ~~Confidentiality~~ Order may result in penalties for contempt of court.

~~Name:~~

~~Job Title:~~

~~Employer:~~

Name: ____________________

Job Title: ____________________

Employer: ____________________

Business Address: ____________________

~~Date:~~ ____________________

Date: ____________________

____________________ Signature

~~Adopted 06/29/12~~

Formatted: Header

Formatted: Left: 1", Right: 1", Top: 1", Bottom: 1", Do not suppress endnotes, Header distance from edge: 0.5", Footer distance from edge: 0.5", Force equal column width

Formatted: Font: Times New Roman, Not Expanded by / Condensed by

Formatted: Font: Times New Roman

Formatted: Indent: Left: 0", Right: 0", Line spacing: Double

Formatted: Font: Times New Roman

Formatted: Font: Times New Roman

Formatted: Indent: Left: 0", Right: 0", Space Before: 0 pt, Line spacing: Double, Tab stops: Not at 2.08" + 4.61"

Formatted: Font: Times New Roman

Formatted: Left, Indent: Left: 0", Right: 0", Space Before: 0 pt, Line spacing: Double

Formatted: Font: Times New Roman

Formatted: Font: (Default) Times New Roman, 12 pt

Formatted: Line spacing: single

Formatted: Justified, Right: 0", Space Before: 0 pt, Widow/Orphan control, Adjust space between Latin and Asian text, Adjust space between Asian text and numbers, Tab stops: 0.44", Left

Formatted: Font: Times New Roman

| Page 9: [1] Formatted | Author |
|---|---|

Font: Times New Roman, Bold, Character scale: 100%

| Page 9: [1] Formatted | Author |
|---|---|

Font: Times New Roman, Bold, Character scale: 100%

| Page 9: [2] Formatted | Author |
|---|---|

Font: Times New Roman, Bold

| Page 9: [2] Formatted | Author |
|---|---|

Font: Times New Roman, Bold

| Page 9: [2] Formatted | Author |
|---|---|

Font: Times New Roman, Bold

| Page 9: [2] Formatted | Author |
|---|---|

Font: Times New Roman, Bold

| Page 9: [2] Formatted | Author |
|---|---|

Font: Times New Roman, Bold

| Page 9: [2] Formatted | Author |
|---|---|

Font: Times New Roman, Bold

| Page 9: [2] Formatted | Author |
|---|---|

Font: Times New Roman, Bold

| Page 9: [2] Formatted | Author |
|---|---|

Font: Times New Roman, Bold

| Page 9: [2] Formatted | Author |
|---|---|

Font: Times New Roman, Bold

| Page 9: [2] Formatted | Author |
|---|---|

Font: Times New Roman, Bold

| Page 9: [2] Formatted | Author |
|---|---|

Font: Times New Roman, Bold

| Page 9: [2] Formatted | Author |
|---|---|

Font: Times New Roman, Bold

| Page 9: [3] Formatted | Author |
|---|---|

Font: Times New Roman, Bold

| Page 9: [3] Formatted | Author |
|---|---|

Font: Times New Roman, Bold

| Page 9: [3] Formatted | Author |
|---|---|

Font: Times New Roman, Bold

| Page 9: [3] Formatted | Author |
|---|---|

Font: Times New Roman, Bold

| Page 9: [3] Formatted | Author |
|---|---|

Font: Times New Roman, Bold

| Page 9: [3] Formatted | Author |
|---|---|
| Font: Times New Roman, Bold | |

| Page 9: [3] Formatted | Author |
|---|---|
| Font: Times New Roman, Bold | |

| Page 9: [3] Formatted | Author |
|---|---|
| Font: Times New Roman, Bold | |

| Page 9: [3] Formatted | Author |
|---|---|
| Font: Times New Roman, Bold | |

| Page 9: [3] Formatted | Author |
|---|---|
| Font: Times New Roman, Bold | |

| Page 9: [3] Formatted | Author |
|---|---|
| Font: Times New Roman, Bold | |

| Page 9: [4] Formatted | Author |
|---|---|
| Font: Times New Roman, Bold | |

| Page 9: [4] Formatted | Author |
|---|---|
| Font: Times New Roman, Bold | |

| Page 9: [4] Formatted | Author |
|---|---|
| Font: Times New Roman, Bold | |

| Page 9: [4] Formatted | Author |
|---|---|
| Font: Times New Roman, Bold | |

| Page 9: [4] Formatted | Author |
|---|---|
| Font: Times New Roman, Bold | |

| Page 9: [4] Formatted | Author |
|---|---|
| Font: Times New Roman, Bold | |

| Page 9: [5] Formatted | Author |
|---|---|
| Font: Times New Roman | |

| Page 9: [5] Formatted | Author |
|---|---|
| Font: Times New Roman | |

| Page 9: [5] Formatted | Author |
|---|---|
| Font: Times New Roman | |

| Page 9: [5] Formatted | Author |
|---|---|
| Font: Times New Roman | |

| Page 9: [5] Formatted | Author |
|---|---|
| Font: Times New Roman | |

| Page 9: [6] Formatted | Author |
|---|---|
| Font: Times New Roman | |

| Page 9: [6] Formatted | Author |
|---|---|

Font: Times New Roman

| Page 9: [6] Formatted | Author |
|---|---|

Font: Times New Roman

| Page 9: [6] Formatted | Author |
|---|---|

Font: Times New Roman

| Page 11: [7] Formatted | Author |
|---|---|

List Paragraph, Justified, Indent: Left:  0.75", Right:  0", Space After:  12 pt, Widow/Orphan control, Adjust space between Latin and Asian text, Adjust space between Asian text and numbers, Tab stops: Not at  1.57"

| Page 11: [8] Formatted | Author |
|---|---|

Font: Times New Roman, Character scale: 100%

| Page 11: [9] Formatted | Author |
|---|---|

Font: Times New Roman, Character scale: 100%, Not Expanded by / Condensed by

| Page 11: [10] Formatted | Author |
|---|---|

Font: Times New Roman, Not Expanded by / Condensed by

| Page 11: [11] Formatted | Author |
|---|---|

List Paragraph, Justified, Indent: Left:  0.75", Right:  0", Space After:  12 pt, Widow/Orphan control, Adjust space between Latin and Asian text, Adjust space between Asian text and numbers, Tab stops: Not at  1.57"

| Page 11: [12] Formatted | Author |
|---|---|

Font: Times New Roman, Character scale: 100%

| Page 11: [13] Formatted | Author |
|---|---|

Font: Times New Roman, Character scale: 100%, Not Expanded by / Condensed by

| Page 11: [14] Formatted | Author |
|---|---|

Font: Times New Roman, Not Expanded by / Condensed by

| Page 11: [15] Formatted | Author |
|---|---|

Font: Times New Roman, Not Expanded by / Condensed by

| Page 11: [16] Formatted | Author |
|---|---|

Font: Times New Roman, Not Expanded by / Condensed by

| Page 11: [17] Formatted | Author |
|---|---|

List Paragraph, Justified, Indent: Left:  0.75", Right:  0", Space After:  12 pt, Widow/Orphan control, Adjust space between Latin and Asian text, Adjust space between Asian text and numbers, Tab stops: Not at  1.57"

| Page 11: [18] Formatted | Author |
|---|---|

Font: Times New Roman, Not Expanded by / Condensed by

| Page 20: [19] Formatted | Author |
|---|---|

Font: Times New Roman, Bold, Character scale: 100%

| Page 20: [20] Formatted | Author |
|---|---|

Font: Times New Roman, Character scale: 100%

| Page 20: [21] Formatted | Author |
|---|---|

Font: Times New Roman, Character scale: 100%, Not Expanded by / Condensed by

| Page 20: [22] Formatted | Author |
|---|---|

Font: Times New Roman, Not Expanded by / Condensed by

| Page 20: [23] Formatted | Author |
|---|---|

Font: Times New Roman, Not Expanded by / Condensed by

| Page 20: [24] Formatted | Author |
|---|---|

Font: Times New Roman, Character scale: 100%

| Page 20: [25] Formatted | Author |
|---|---|

Font: Times New Roman, Not Expanded by / Condensed by

| Page 20: [26] Formatted | Author |
|---|---|

Font: Times New Roman, Not Expanded by / Condensed by

| Page 20: [27] Formatted | Author |
|---|---|

Font: Times New Roman, Not Expanded by / Condensed by

| Page 20: [28] Formatted | Author |
|---|---|

Font: Times New Roman, Not Expanded by / Condensed by

| Page 1: [29] Formatted | Author |
|---|---|

Header

| Page 21: [30] Formatted | Author |
|---|---|

Justified, Indent: Left:  0", Right:  0", Space Before:  0 pt, Widow/Orphan control, Adjust space between Latin and Asian text, Adjust space between Asian text and numbers

| Page 21: [31] Formatted | Author |
|---|---|

Font: Times New Roman

| Page 21: [32] Formatted | Author |
|---|---|

Font: Times New Roman, Not Expanded by / Condensed by

| Page 21: [33] Formatted | Author |
|---|---|

Font: Times New Roman

| Page 21: [34] Formatted | Author |
|---|---|

Font: Times New Roman

| Page 21: [35] Formatted | Author |
|---|---|

Font: Times New Roman, Not Expanded by / Condensed by

| Page 21: [36] Formatted | Author |
|---|---|

Font: Times New Roman

| Page 21: [37] Formatted | Author |
|---|---|

Font: Times New Roman, Bold

| Page 21: [38] Formatted | Author |
|---|---|

Font: Times New Roman, Bold

| Page 21: [39] Formatted | Author |
|---|---|

Font: Times New Roman, Bold, Character scale: 100%

| Page 21: [40] Formatted | Author |
|---|---|

Font: Times New Roman, Character scale: 100%

| Page 21: [41] Formatted | Author |
|---|---|

Font: Times New Roman

| Page 21: [42] Formatted | Author |
|---|---|

Font: Times New Roman

| Page 21: [43] Formatted | Author |
|---|---|

Font: Times New Roman, Not Expanded by / Condensed by

| Page 21: [44] Formatted | Author |
|---|---|

Font: Times New Roman

| Page 21: [45] Formatted | Author |
|---|---|

Font: Times New Roman, Not Expanded by / Condensed by

| Page 21: [46] Formatted | Author |
|---|---|

Font: Times New Roman

| Page 21: [47] Formatted | Author |
|---|---|

Font: Times New Roman, Bold, Not Expanded by / Condensed by

| Page 21: [48] Formatted | Author |
|---|---|

Font: Times New Roman, Bold

| Page 21: [49] Formatted | Author |
|---|---|

Font: Times New Roman

| Page 21: [50] Formatted | Author |
|---|---|

Font: Times New Roman, Not Expanded by / Condensed by

| Page 21: [51] Formatted | Author |
|---|---|

Font: Times New Roman

| Page 21: [52] Formatted | Author |
|---|---|

Font: Times New Roman, Not Expanded by / Condensed by

| Page 21: [53] Formatted | Author |
|---|---|

Font: Times New Roman

| Page 21: [54] Formatted | Author |
|---|---|

Font: Times New Roman

| Page 21: [55] Formatted | Author |
|---|---|

Font: Times New Roman

| Page 21: [56] Formatted | Author |
|---|---|

Font: Times New Roman, Bold

| Page 21: [57] Formatted | Author |
|---|---|

Font: Times New Roman, Bold, Character scale: 100%, Not Expanded by / Condensed by

| Page 21: [58] Formatted | Author |
|---|---|

Font: Times New Roman, Bold

| Page 21: [59] Formatted | Author |
|---|---|

Font: Times New Roman, Bold, Character scale: 100%

| Page 21: [60] Formatted | Author |
|---|---|

Font: Times New Roman, Bold

| Page 21: [61] Formatted | Author |
|---|---|

Font: Times New Roman

| Page 21: [62] Formatted | Author |
|---|---|

Font: Times New Roman, Not Expanded by / Condensed by

| Page 21: [63] Formatted | Author |
|---|---|

Font: Times New Roman

| Page 21: [64] Formatted | Author |
|---|---|

Font: Times New Roman, Not Expanded by / Condensed by

| Page 21: [65] Formatted | Author |
|---|---|

Font: Times New Roman

| Page 21: [66] Formatted | Author |
|---|---|

Font: Times New Roman

| Page 21: [67] Formatted | Author |
|---|---|

Font: Times New Roman, Not Expanded by / Condensed by

| Page 21: [68] Formatted | Author |
|---|---|

Font: Times New Roman

| Page 21: [69] Formatted | Author |
|---|---|

Font: Times New Roman, Not Expanded by / Condensed by

| Page 21: [70] Formatted | Author |
|---|---|

Font: Times New Roman

| Page 21: [71] Formatted | Author |
|---|---|

Font: Times New Roman

| Page 22: [72] Formatted | Author |
|---|---|

Justified, Indent: Left:  0", First line:  0.5", Right:  0", Line spacing:  Double, Widow/Orphan control, Adjust space between Latin and Asian text, Adjust space between Asian text and numbers, Tab stops: Not at  1.57"

| Page 22: [73] Formatted | Author |
|---|---|

Font: Times New Roman, Not Expanded by / Condensed by

| Page 22: [74] Formatted | Author |
|---|---|

Font: Times New Roman, Not Expanded by / Condensed by

| Page 22: [75] Formatted | Author |
|---|---|

Font: Times New Roman, Not Expanded by / Condensed by

| Page 22: [76] Formatted | Author |
|---|---|

Font: Times New Roman, Not Expanded by / Condensed by

| Page 22: [77] Formatted | Author |
|---|---|

Font: Times New Roman, Not Expanded by / Condensed by

| Page 22: [78] Formatted | Author |
|---|---|

Font: Times New Roman, Not Expanded by / Condensed by

| Page 22: [79] Formatted | Author |
|---|---|

Font: Times New Roman, Not Expanded by / Condensed by

| Page 22: [80] Formatted | Author |
|---|---|

Font: Times New Roman, Not Expanded by / Condensed by

| Page 25: [81] Formatted | Author |
|---|---|

Font: Times New Roman, 12 pt, Not Expanded by / Condensed by , Not Raised by / Lowered by

| Page 25: [82] Formatted | Author |
|---|---|

Font: Times New Roman, Not Expanded by / Condensed by

| Page 25: [83] Formatted | Author |
|---|---|

Justified, Indent: Left:  0", Right:  0", Space Before:  0 pt, Line spacing:  Double, Widow/Orphan control, Adjust space between Latin and Asian text, Adjust space between Asian text and numbers, Tab stops: Not at  1.07"

| Page 25: [84] Formatted | Author |
|---|---|

Font: Times New Roman, Not Expanded by / Condensed by

| Page 27: [85] Formatted | Author |
|---|---|

Font: Times New Roman, Not Expanded by / Condensed by

| Page 27: [86] Formatted | Author |
|---|---|

Font: Times New Roman, Not Expanded by / Condensed by

| Page 28: [87] Formatted | Author |
|---|---|

Indent: Left:  2.9", Right:  1.7", Space Before:  1.3 pt, Line spacing:  Exactly 13.2 pt, Widow/Orphan control, Adjust space between Latin and Asian text, Adjust space between Asian text and numbers, Font Alignment: Baseline

| Page 28: [88] Formatted | Author |
|---|---|

Font: Times New Roman, Expanded by  0.35 pt

| Page 28: [89] Formatted | Author |
|---|---|

Font: Times New Roman, Font color: Black, Expanded by  0.35 pt

| Page 28: [90] Formatted | Author |
|---|---|

Indent: Left:  0.05", Right:  0", Space Before:  39.65 pt, Line spacing:  Exactly 13.45 pt, Widow/Orphan control, Adjust space between Latin and Asian text, Adjust space between Asian text and numbers, Font Alignment: Baseline

| Page 28: [91] Formatted | Author |
|---|---|

Font: Times New Roman, Bold, Expanded by  0.35 pt

| Page 28: [92] Formatted | Author |
|---|---|

Font: Times New Roman, Bold, Expanded by  0.35 pt

| Page 28: [93] Formatted | Author |
|---|---|

Font: Times New Roman, Bold, Expanded by  0.35 pt

| Page 28: [94] Formatted | Author |
|---|---|

Font: Times New Roman, Bold, Font color: Black, Expanded by  0.35 pt

| Page 28: [95] Formatted | Author |
|---|---|

Font: Times New Roman, Bold, Expanded by  0.1 pt

| Page 28: [96] Formatted | Author |
|---|---|

Indent: Left:  0.05", Right:  0", Space Before:  12.7 pt, Line spacing:  Exactly 13.45 pt, Widow/Orphan control, Adjust space between Latin and Asian text, Adjust space between Asian text and numbers, Font Alignment: Baseline, Tab stops:  3.35", Left + No

| Page 28: [97] Formatted | Author |
|---|---|

Font: Times New Roman, Bold, Font color: Black, Expanded by  0.1 pt

| Page 28: [98] Formatted | Author |
|---|---|

Font: Times New Roman, Bold, Expanded by  0.1 pt

| Page 28: [99] Formatted | Author |
|---|---|

Font: Times New Roman, Bold, Expanded by  0.1 pt

| Page 28: [100] Formatted | Author |
|---|---|

Font: Times New Roman, Bold, Expanded by  0.1 pt

| Page 28: [101] Formatted | Author |
|---|---|

Indent: Left:  0.05", Right:  0", Space Before:  0 pt, After:  38.25 pt, Line spacing:  Exactly 13.35 pt, Widow/Orphan control, Adjust space between Latin and Asian text, Adjust space between Asian text and numbers, Font Alignment: Baseline, Tab stops:  3

| Page 28: [102] Formatted | Author |
|---|---|

Font: Times New Roman, Bold, Expanded by  0.1 pt

| Page 28: [103] Formatted | Author |
|---|---|

Font: Times New Roman, Bold, Font color: Black, Expanded by  0.1 pt