UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| CITY OF CHICAGO, | ) | |
| ex rel. AARON ROSENBERG | ) | |
| | ) | No. 15-cv-8271 |
| v. | ) | Hon. Judge John J. Tharp |
| | ) | |
| REFLEX HOLDINGS, LTD, *et alia* | ) | |

**AARON ROSENBERG'S OBJECTION TO DISMISSAL MOTION
AND SETTLEMENT AGREEMENT
AND REQUEST FOR
(I) LEAVE TO CONDUCT LIMITED DISCOVERY;
(II) LEAVE TO SUBMIT BRIEFING; AND
(III) A HEARING ON THE REASONABLENESS
OF THE SETTLEMENT AND DISMISSAL**

Aaron Rosenberg hereby objects to the agreed dismissal motion and settlement agreement between the City of Chicago and Defendants, *see* Dkt. Nos. 78, 79, and asks the Court to set a schedule to address these issues that allows him to submit briefing and be heard.

**Objection to Dismissal and Settlement**

Defendants Redflex Traffic Systems, Inc. ("RTSI") and Redflex Holdings Limited ("RHL," and together with RTSI, "Redflex") engaged in an illegal bribery scheme to obtain lucrative contracts from the City of Chicago ("City") and, in the process, bilk the City of millions of dollars. Redflex's illicit conduct resulted in the criminal convictions of Karen Finley (the former President and CEO of RTSI and

1

former Director of RHL), John Bills (a former City employee), and Martin O'Malley (a former RTSI consultant).

In December 2016, RTSI entered into a Non-Prosecution Agreement with the U.S. Department of Justice, pursuant to which Redflex accepted responsibility for the illegal activities of its employees and agreed to continue cooperating with the government's investigations, among other things. *(See* https://www.justice.gov/usao-ndil/pr/redflex-traffic-systems-enters-non-prosecution-agreement-united-states.)

In this action, the City claimed it paid Redflex over $125 million since the inception of Redflex's bribery scheme. First Amended Complaint ¶¶ 307, 331, 349. Under Chicago's False Claims Ordinance ("FCO"), the City is not only entitled to recover Redflex's ill-gotten gains, but that recovery is subject to trebling. Chicago Municipal Code ("MCC") 1-22-020(7). Indeed, in its own Rule 26 initial disclosures, the City claimed damages in excess of $377 million and civil penalties of about $15 million. (*See* Rule 26 Initial Disclosures pp. 11-12 attached as Exhibit 1.)

 Despite the enormity of the damages caused to City and its citizens by Redflex, the City has proposed to settle this matter for $20 million—*a mere 5% of the recovery it is entitled under the FCO.* Moreover, the settlement will be paid in installments over a period of seven years. These unsatisfactory terms are especially concerning given RHL's 2016 Annual Report, which reveals that the company earned over $105 million (US) in revenue for 2016 (an increase of 9.3% from 2015).

Accordingly, Mr. Rosenberg hereby objects to the dismissal motion and settlement agreement. Additionally, Mr. Rosenberg requests:

(i)     leave to conduct limited discovery regarding the fairness, adequacy, and reasonableness of the settlement;

(ii)    the opportunity to brief the reasonableness, or lack thereof, of the proposed settlement and dismissal; and

(iii)   a hearing on the dismissal and the reasonableness of the settlement.

### Request for Hearing and Limited Discovery

Mr. Rosenberg has a statutory right to a hearing regarding the dismissal of this action and the settlement agreement between the City and Redflex. With respect to dismissal of *qui tam* actions, the FCO provides:

> The city may dismiss the action notwithstanding the objections of ***the person initiating the action*** if the person has been notified by the city of the filing of the motion to dismiss and ***the court has provided the person with an opportunity for a hearing on the motion***.

MCC 1-22-030(c)(2)(A) (emphasis added). Likewise, with respect to settlement, the FCO provides:

> The city may settle the action with the defendant notwithstanding the objections of ***the person initiating the action*** if the court determines, ***after a hearing***, that the proposed settlement is ***fair, adequate, and reasonable under all the circumstances***. Upon a showing of good cause, such hearing may be held in camera.

MCC 1-22-030(c)(2)(B) (emphasis added).

Mr. Rosenberg is the person who initiated this case and is therefore entitled to a hearing on the dismissal motion and the settlement agreement. It is important to note that the FCO uses the term "person" rather than "party." Further, Mr. Rosenberg has yet to exhaust his appeal rights on his status as relator. Therefore,

3

any argument that Mr. Rosenberg is not entitled to a hearing by virtue of the fact that he is currently dismissed, and therefore not a party to the action, should be disregarded especially given that it runs contrary to the plain language of the MCC.

Additionally, Mr. Rosenberg requests leave to conduct limited discovery on the fairness, adequacy, and reasonableness of the settlement and to submit a brief regarding the issue prior to the hearing. Specifically, Mr. Rosenberg proposes two depositions, with document productions, of the persons most knowledgeable of the settlement, with one deposition directed at a City witness and the other directed at Redflex.

Such discovery is necessary here given the woefully inadequate settlement amount the City has accepted in light of the $400 million in damages it initially claimed, and Redflex's apparent ability to provide a more suitable settlement payment per its own publicly available financial information. Without this limited discovery, any hearing would be fruitless.

Given the enormity of Redflex's profits from its illegal conduct; an inquiry into the propriety of the settlement, and whether the company entered it in good faith is indispensable. Not only is Mr. Rosenberg entitled to a hearing, but such a hearing is essential to ensure that the settlement agreement conforms with the ideals of transparency and fairness for the citizens of the City of Chicago.

## <u>Conclusion</u>

Wherefore, for all the foregoing the reasons, the Court should grant Mr. Rosenberg's request to (i) conduct limited discovery regarding the fairness, adequacy,

and reasonableness of the settlement; (ii) brief the reasonableness of the proposed settlement and dismissal; and (iii) set a hearing on the dismissal and the reasonableness of the settlement.

Respectfully submitted,

/s/ John J. Muldoon, III
Muldoon & Muldoon, LLC
Attorneys for Aaron Rosenberg

John J. Muldoon, III
Muldoon & Muldoon, LLC
Illinois Attorney No. 6185878
30 N. LaSalle Street, Suite 2950
Chicago, IL 60602
312-739-3550
jjm@muldoonlaw.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| CITY OF CHICAGO, | ) | |
| ex rel. AARON ROSENBERG | ) | |
| | ) | No. 15-cv-8271 |
| v. | ) | Hon. Judge John J. Tharp |
| | ) | |
| REFLEX HOLDINGS, LTD, *et alia* | ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2017, I caused to be electronically filed the foregoing Relator Aaron Rosenberg's Objection to Settlement *via* the CM/ECF system, which will then send a notification of such filing to all registered users

| | | |
|---|---|---|
| Cornel Hershel Kauffman | William B. Berndt | Anthony Masciopinto |
| City of Chicago Department of Law | Steven A. Weiss | Jeffrey R. Kulwin |
| AERC | Honigman Miller Schwartz & | Shelly Byron Kulwin |
| 30 North LaSalle Street | Cohn LLP | Kulwin, Masciopinto & |
| Suite 1400 | One South Wacker Drive | Kulwin, LLP |
| Chicago, IL 60602 | 28th Floor | 161 North Clark Street |
| (312) 744-0306 | Chicago, IL 60606 | Suite 2500 |
| cornel.kauffman@cityofchicago.org | (312) 701-9300 | Chicago, IL 60601 |
| | sweiss@honigman.com | amasciopinto@kmklawllp.com |
| | ifisher@honigman.com | jkulwin@kmklawllp.com |
| | | skulwin@kmklawllp.com |

/s/ John J. Muldoon, III
Muldoon & Muldoon, LLC

John J. Muldoon, III
Muldoon & Muldoon, LLC
IL Attorney No. 6185878
30 N. LaSalle Street, Suite 2950
Chicago, IL 60602
312-739-3550