UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| CITY OF CHICAGO, <br> ex rel. AARON ROSENBERG <br> <br> v. <br> <br> REDFLEX TRAFFIC SYSTEMS, INC., *et alia* | ) <br> ) <br> )    No. 15-cv-8271 <br> )    Judge John J. Tharp <br> ) <br> ) |

**DECLARATION OF JOHN J. MULDOON, III
IN SUPPORT OF AARON ROSENBERG'S MOTION FOR
(I) PAYMENT OF SHARE OF SETTLEMENT PROCEEDS;
(II) PAYMENT OF ATTORNEYS' FEES AND COSTS; OR,
ALTERNATIVELY,
(III) PAYMENT OF QUANTUM MERUIT ATTORNEYS' FEES AND COSTS**

I, John J. Muldoon, III, declare as follows:

1.  I am a founding member at the law firm of Muldoon & Muldoon, LLC ("M&M"), counsel for Aaron Rosenberg. I am a member in good standing of the State Bar of Illinois and the Trial Bar of the U.S. District Court for the Northern District of Illinois as well as others. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.  I was introduced to Mr. Rosenberg by Thomas H. Bienert, Jr., of the law firm of Bienert, Miller & Katzman, PLC ("BMK").

3.  Mr. Rosenberg hired M&M to work hand in hand with Mr. Bienert and his staff at BMK and to share equally in the work and responsibility of his above captioned *qui tam* lawsuit.

4.  In this affidavit, I refer to myself, Mr. Bienert and his staff at BMK as "Mr. Rosenberg's counsel."

1

EXHIBIT 3

5.   Beginning shortly after being served with Mr. Rosenberg's under seal FCO lawsuit, the City of Chicago ("City") was in frequent contact with Mr. Rosenberg's counsel. City indicated to Mr. Rosenberg's counsel that it desired assistance from Mr. Rosenberg and his counsel in the instant lawsuit. City also asked for Mr. Rosenberg's assistance in providing information, explaining the pertinent facts of the case, and identifying areas of further inquiry, all of which was provided to the City. Between August 2015 and early August 2016, when this court dismissed Mr. Rosenberg from the case, my office had dozens of communications and correspondence with the City's attorneys. Likewise, between August 2015 and August 2016, Mr. Rosenberg and his counsel provided and explained key documents to the City.

6.   On or about August 25, 2015, the City entered a "Common Interest Agreement" with Mr. Rosenberg, a true and correct copy of which is attached as **Exhibit 1** to this Declaration.

7.   On October 27, 2015, Mr. Rosenberg and his counsel met with the City and its attorneys to review evidence with them and explain the significance of various facts and documents.

8.   On November 24, 2015 Mr. Rosenberg and I met again with the City and its attorneys to further review evidence with them and explain the significance of various facts and documents.

9. In addition to these meetings, Relator's Counsel drafted major provisions of the First Amended Complaint and supplied information for the City's Rule 26 Disclosures and discovery requests.

10. Mr. Rosenberg's counsel also reviewed documents drafted by the City, suggested edits to them as well as participated in teleconferences with the City, and communicated with the City through hundreds of emails in pursuit of the litigation of this matter.

11. Most of the assistance provided by Mr. Rosenberg and/or his counsel was in response to direct requests by the City for information or input relative to the pleadings, facts and issues in the case.

## Professional Background

12. I graduated from IIT/Chicago-Kent College of Law in 1983. Upon graduation I joined the Cook County State's Attorney's Office where I served as an assistant State' Attorney until February 1995. I then became in house counsel to Rosenthal Collins Securities and Rosenthal Collins Group, a registered broker-dealer and futures commission merchant respectively. In November 2001, I formed M&M with my brother Michael K. Muldoon.

13. I am an experienced trial attorney. My cases involve a wide variety of criminal and civil matters, including civil rights violations, contract disputes, fraud of all types including investment fraud and *qui tam,* money laundering, public corruption, unfair competition, and wrongful termination.

3

14. I have tried fifty-seven cases to jury verdict in both state and federal court, argued three cases before the 7th Circuit Court of Appeals and at least six cases before the Illinois Appellate Court.

## Fees in this Matter

15. I am familiar with M&M's time records in this matter, a copy of which is attached as **Exhibit 2** and to be filed Under Seal. The time entries are input on an ongoing monthly basis. I have reviewed **Exhibit 2**, and I believe it is an accurate reflection of work that M&M did towards the instant *qui tam* case.

16. I have also reviewed **Exhibit 2**, of Mr. Bienert's Declaration and I believe it is an accurate reflection of work that Mr. Bienert and BMK did towards the instant *qui tam* case.

17. Most of M&M's legal work is done on a contingency basis and all of its *qui tam* work is.

18. Based on my years of practice and knowledge of the legal community, I can attest that the billing rates utilized by Mr. Bienert are consistent with, the billing rates of comparably experienced members of the legal community with respect to this type of litigation.

19. I therefore have adopted Mr. Bienert's hourly rate as my own.

20. Where appropriate, I have written off time or reduced costs to ensure that the fees and costs ultimately billed for this matter were reasonable. We do not charge for copies, storage, postage or other incidentals.

21. Based on this declaration, the reasonable fees incurred by M&M for defense of this action are $117,271.28 and the costs are $640.36, for a total of $117,911.64. These amounts reflect only the hours that I believe were reasonably necessary for this matter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 23, 2017 at Chicago, Illinois.

_____
John J. Muldoon, III

## COMMON INTEREST AGREEMENT

This document confirms a Common Interest Agreement ("Agreement") between the City of Chicago, by its attorneys, Stephen R. Patton, the City of Chicago Corporation Counsel, and other assigned attorneys in the City of Chicago Department of Law ("City"), and Aaron Rosenberg ("Relator"), by his attorneys, John J. Muldoon III of Muldoon & Muldoon, and Thomas H. Bienert, Jr. of Bienert, Miller & Katzman ("Relator's Counsel"), (collectively, the "Agreement Parties").

WHEREAS, Relator filed a complaint as a *qui tam* relator under the City of Chicago False Claims Ordinance, Chicago Municipal Code, chapter 1-22 ("FCO"), entitled, *City of Chicago, ex rel. Aaron Rosenberg v. Redflex Traffic Systems, Inc.*, No. 2014 L 4211 (Circuit Court of Cook County, Illinois), asserting claims on behalf of the City for damages sustained by the City ("Action");

WHEREAS, pursuant to section 1-22-030(b)(4)(A) of the FCO, the City wishes to proceed with litigation of the Action;

WHEREAS, the Agreement Parties share interests in seeking recovery for damages to the City, and the City wishes to have Relator's and Relator's Counsel's assistance in the investigation and litigation of the Action;

WHEREAS, the Agreement Parties have determined it to be in their common interests for them to share information, including certain privileged communications, work-product, and discovery planning with each other in order to facilitate prosecution of the Action on the City's behalf;

WHEREAS, the Agreement Parties recognize that the exchange of information will further their common interest and wish to avoid waiving any applicable privileges; and

WHEREAS, the Agreement Parties also may desire to retain certain experts and other consultants (hereinafter, "Consultants") relating to the prosecution of the City's claims, and to share the use and benefit of said Consultants, while preserving to the maximum extent allowed by law all privileges available to them;

Accordingly, it is the Agreement Parties' intention, understanding, and agreement that:

1. Agreement Parties agree that they will jointly prosecute the Action, including but not limited to appearing jointly at all court hearings, jointly working together on all discovery efforts, including written and oral fact and expert discovery, and jointly participating in all motion practice and any and all evidentiary hearings. Agreement Parties agree to work together in good faith to diligently prosecute the Action.

2. Communications between and among the Agreement Parties and the results of such communications and joint interviews of prospective witnesses in connection with the Action are confidential and are protected from disclosure to any third party by the attorney-client privilege, the work-product doctrine, the common-interest doctrine, and by other applicable rules or rules of law, provided, however, that the communication of a fact among the Agreement Parties shall not render that communicated fact immune from discovery.

# EXHIBIT 1

3. All documents, including but not limited to memoranda of law, debriefing memoranda, factual summaries, transcript digests, emails and other correspondence, and other written materials which would otherwise be protected from disclosure to third parties and which are exchanged among any of the Agreement Parties in connection with the Action will remain confidential and protected from disclosure to any third party by the attorney-client privilege, the work-product doctrine, the common-interest doctrine, and by any other applicable rules or rules of law.

4. Any disclosure or exchange of information by the Agreement Parties in connection with the Action has been and shall be accomplished pursuant to the doctrine referred to as the "common interest," "joint defense doctrine," or "common-interest doctrine," as recognized by numerous authorities and to the maximum extent recognized by law.

5. At the time of execution of this Agreement, the Agreement Parties are represented by separate counsel, and all communications between counsel and the Agreement Parties is subject to the attorney-client privilege. In the event any of the undersigned counsel ceases to be counsel for any Party, all communications prior to counsel's cessation of representation of the Party that involved counsel and any of the Agreement Parties, shall remain subject to the attorney-client privilege.

6. This Agreement shall be binding upon and inure to the benefit of the Agreement Parties and their respective representatives, successors, and assigns. The confidentiality obligations of the Agreement Parties under this Agreement shall survive the termination of this Agreement.

7. This Agreement also applies to all communications and other exchanges of information (whether written or oral) concerning the Action, between or among any of the Agreement Parties or their counsel, that have occurred before the signing of this Agreement.

8. No breach of any provision of this Agreement can be waived unless in writing. Waiver of any one breach shall not be deemed to be a waiver of any other breach of the same or any other provision hereof.

9. If any provision of this Agreement is deemed invalid or unenforceable, the balance of this Agreement shall remain in full force and effect.

10. This Agreement may be executed in counterparts. All counterparts so executed shall constitute one Agreement binding on all Parties.

11. This Agreement may be modified only in writing executed by all of the Agreement Parties.

12. Each signatory to this Agreement hereby states and affirms that he or she has full authority to execute this Agreement on behalf of the Party for whom he or she executes.

13. Nothing contained in this Agreement is intended to waive any of the rights or obligations under, or any other provisions of, the FCO.

14. Additionally, Relator and Relator's Counsel acknowledge that the City has an obligation to comply with the Illinois Freedom of Information Act, and nothing contained herein shall be construed to prevent the City from complying with its obligations thereunder, or under any other applicable law.

_____
John J. Muldoon, III
Muldoon & Muldoon, LLC
30 North LaSalle Street, Suite 2950
Chicago, IL 60602
*Counsel for Relator Aaron Rosenberg*

_____
Thomas H. Bienert, Jr.
Bienert, Miller & Katzman, PLC
903 Calle Amanecer, Suite 350
San Clemente, CA. 92673
*Counsel for Relator Aaron Rosenberg*


_____
Stephen R. Patton
Corporation Counsel
City of Chicago
Department of Law
121 North LaSalle Street, Suite 600
Chicago, IL 60602
*Counsel for City of Chicago*

Dated: August 25, 2015

13. Nothing contained in this Agreement is intended to waive any of the rights or obligations under, or any other provisions of, the FCO.

14. Additionally, Relator and Relator's Counsel acknowledge that the City has an obligation to comply with the Illinois Freedom of Information Act, and nothing contained herein shall be construed to prevent the City from complying with its obligations thereunder, or under any other applicable law.

_____

John J. Muldoon, III
Muldoon & Muldoon, LLC
30 North LaSalle Street, Suite 2950
Chicago, IL 60602
*Counsel for Relator Aaron Rosenberg*


_____

Thomas H. Bienert, Jr.
Bienert, Miller & Katzman, PLC
903 Calle Amanecer, Suite 350
San Clemente, CA. 92673
*Counsel for Relator Aaron Rosenberg*

*/s/ Stephen R. Patton*

Stephen R. Patton
Corporation Counsel
City of Chicago
Department of Law
121 North LaSalle Street, Suite 600
Chicago, IL 60602
*Counsel for City of Chicago*

Dated: August 25, 2015

3

EXHIBIT 2

TO BE FILED UNDER SEAL