**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | |
|---|---|
| CITY OF CHICAGO *EX REL.* AARON ROSENBERG,       ) | |
| ) | |
| Plaintiff,     ) | |
| ) | Case No. 15-cv-8271 |
| v.     ) | |
| ) | Judge John J. Tharp, Jr. |
| REDFLEX TRAFFIC SYSTEMS, INC. and REDFLEX HOLDINGS, LTD.     ) | |
| ) | |
| Defendants.     ) | |
| ) | |

**REDFLEX'S RESPONSE TO
<u>ROSENBERG'S MOTION TO FILE EXHIBIT UNDER SEAL</u>**

Aaron Rosenberg's Motion to File Exhibit Under Seal should be denied because: (1) Rosenberg has not demonstrated that there is good cause to file the exhibit under seal; (2) he violated the Confidentiality Order; and (3) he violated Local Rule 26.2.

As the party seeking confidentiality, Rosenberg bears the burden of demonstrating good cause. *In re Bank One Sec. Litig*., 222 F.R.D. 582, 586 (N.D. Ill. 2004). But Rosenberg's belated Motion does not even reference good cause, and instead relies primarily on the existence of a Common Interest Agreement with the City of Chicago. Accordingly, Rosenberg has not met his burden as "simply designating a document as 'confidential' under a protective order is insufficient to establish good cause for filing the document under seal." *Camilotes v. Resurrection Healthcare*, No. 10 C 366, 2012 WL 2192168, at *1 n. 1 (N.D. Ill. June 14, 2012). Indeed, the Seventh Circuit has made clear that "[t]he determination of good cause cannot be elided by allowing the parties to seal whatever they want." *Baxter Int'l v. Abbott Labs*., 297 F.3d 544, 548 (7th Cir. 2002).

Rosenberg attempts to further justify his Motion by stating that "[t]he time sheets contain confidential information under the Common Interest Agreement and/or confidential attorney-client communications." (Mot. at ¶ 5.) This conclusory statement fails to meet the standard set by the Seventh Circuit, which requires the requesting party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter*, 297 F.3d at 548; *see also In re Bank One*, 222 F.R.D. at 586 ("Establishing good cause requires a party to present 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 (1981))). Rosenberg does not articulate ***why*** these materials are sensitive, nor does he point to any potential injury that would result from public disclosure. *See, e.g., Strait v. Belcan Eng'g Grp., Inc.,* No. 11-CV-1306, 2012 WL 2277903, at *1 (N.D. Ill. June 18, 2012). Thus, the Court should deny Rosenberg's Motion for failure to show good cause.

Additionally, Rosenberg's Motion should be denied because he has ignored the procedures established by this Court's Confidentiality Order and Local Rule 26.2. Instead, without seeking leave to do so, Rosenberg decided to file attorneys' time sheets, submitted in support of his motion for a share of the settlement proceeds and for attorneys' fees and costs ("Motion for Fees") "under seal." (Dkt. 86.) The Confidentiality Order entered in this action states that "[a]ny Party wishing to file a document [under seal] . . . must comply with Civil Local Rules 5.7 and 26.2." (Dkt. 75 at ¶ 10.) Local Rule 26.2(c) clearly specifies that "[a]ny party wishing to file a document or portion of a document electronically under seal in connection with a motion, brief, or other submission must . . . move the court for leave to file the document under seal." Local Rule 26.2(c) further requires that "[t]he sealing motion must be filed ***before or simultaneously*** with the provisional filing of the document under seal . . . ." (emphasis added).

Now, four days *after* filing his Motion for Fees, Rosenberg finally has decided to request leave from the Court to file these time sheets under seal. Yet Rosenberg has still refused to comply with the rules. Rosenberg failed to serve Redflex with unredacted copies of these time sheets in direct violation of Local Rule 26.2. Moreover, Rosenberg's counsel ignored Redflex's repeated requests for copies of these time sheets that were purportedly filed under seal. (See Ex. 1, February 24 and 27, 2017 emails from Sand to Muldoon.) Rosenberg has not responded to those requests, or even stated whether he will share this exhibit with the other parties in the matter.

## CONCLUSION

For the foregoing reasons, Redflex respectfully requests that the Court deny Rosenberg's Motion to File Exhibit Under Seal.

Respectfully submitted,

*/s/ William B. Berndt*
*Attorneys for Redflex Traffic Systems, Inc. and Redflex Holdings, Ltd.*

Steven A. Weiss
William B. Berndt
Callie J. Sand
Honigman Miller Schwartz and Cohn LLP
One South Wacker Drive, 28th Floor
Chicago, Illinois 60606
312.701.9300

## **CERTIFICATE OF SERVICE**

I, William B. Berndt, an attorney, hereby certify that on March 1, 2017, I electronically filed the foregoing **Response to Rosenberg's Motion to File Exhibit Under Seal** with the Clerk of the Court using the CM/ECF system, which thereby electronically served all counsel of record.

*/s/ William B. Berndt*
William B. Berndt
*Attorney for Redflex Traffic Systems, Inc. and Redflex Holdings, Ltd.*

179440_1.DOC